**In re Karen Kay GILLION, Debtor.**

**Bankruptcy No. LR 82–113.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

July 21, 1983.

A.L. Tenney, trustee, Little Rock, Ark., pro se.

Jack Sims, Little Rock, Ark., for debtor.

**MEMORANDUM OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**

CHARLES W. BAKER, Bankruptcy Judge.

In this Chapter 13 proceeding brought under Title 11 of the United States Code

the debtor filed a motion to dismiss and the trustee filed a motion to convert the case to a proceeding under Chapter 7 and the debtor filed a motion for reconsideration of the motion to dismiss. A hearing was held on these motions on June 17, 1983. The debtor appeared by her attorney, Paul Nicholson of the Jack Sims Law firm, and A.L. Tenney, Trustee appeared Pro Se. The record of this case includes petitions, schedules, amendments, modifications and briefs of the parties.

## FINDINGS OF FACT

The debtor filed her Chapter 13 petition and plan on February 2, 1982. The plan proposed to pay the trustee $230.00 per month from which the trustee, after paying the cost of administration, was to pay the monthly payments on the debtor's home at the rate of $92.00 per month plus an additional $23.00 on the arrearage for a total payment of $115.00; to pay two other secured creditors in full and one the value of its collateral; and finally, to pay all of the unsecured creditors a 10% dividend on their claims. The debtor scheduled unencumbered assets of $2,023.12, all of which were claimed exempt. The plan of the debtor was confirmed on April 13, 1982.

On May 27, 1982 and again on June 29, 1982 the plan of the debtor was modified to include additional creditors. On October 8, 1982 the plan was again modified to reduce payments under the plan for the reason that the homestead of the debtor was destroyed by fire and that there was an insurance claim filed which, upon settlement, would pay the secured claims of Farmers Home Administration, First National Bank and Sears. This modification was confirmed on November 12, 1982.

Thereafter, the debtor defaulted in her payments under the plan and the trustee filed a motion to dismiss the case. At the hearing on the trustee's motion to dismiss held on May 6, 1982, the debtor by her attorney announced that terms of a settlement with the insurance company had been reached and that her plan could now be completed. Consequently, the trustee withdrew his motion to dismiss the case.

Subsequently, the trustee would not agree to the proposed settlement for the reason that the $11,300.00 to be paid to the debtor for loss or damage to contents of her dwelling exceeded the amount allowable for personal property as exempt under applicable Arkansas Law and contended that the insurance proceeds should be paid to the trustee to hold until the Court could determine the rights of the debtor and the creditors to that portion of the proceeds.

On May 27, 1983, the debtor filed a motion to dismiss the Chapter 13 proceeding pursuant to 11 U.S.C. § 1307(b).

On June 2, 1983, the trustee filed a motion to convert the Chapter 13 case to a case under Chapter 7 pursuant to 11 U.S.C. § 1307(c).

On June 3, 1983, the debtor filed a motion to reconsider the motion to dismiss filed May 27, 1983.

## CONCLUSION OF LAW

The debtor contends that she is entitled, as a matter of right, to obtain a dismissal of the Chapter 13 case at any time and that the trustee has no standing to move for conversion of a Chapter 13 to a Chapter 7 proceeding. The trustee argues that he does have standing to move to convert a Chapter 13 to a Chapter 7 proceeding and that it is in the best interests of the creditors to convert this case to a Chapter 7 proceeding.

■ This Court concludes that the Chapter 13 Trustee is a party in interest and has standing to move for conversion of a Chapter 13 case to a Chapter 7 case. It is essential to the administration of Chapter 13 cases that the standing trustee file motions to dismiss or to convert Chapter 13 cases to Chapter 7—whichever is in the best interest of creditors. Creditors seldom file motions to dismiss or to convert and the Court cannot order dismissal or conversion of a case on its own motion, *In Re Terry*, 630 F.2d 634 (CCA 8th Cir.1980). Therefore, unless the trustee files such motions,

Chapter 13 cases would remain in effect long after the debtor defaults in payments and the best interests of the creditors would not be protected. This Court agrees with the Court in the case of *In Re Henry B. Kelsey, Debtor*, 2 C.B.C.2d 1192, 6 B.R. 114, 6 B.C.D. 927 (Southern District of Tex.1980) which held that the Chapter 13 Trustee not only had the necessary standing but was the most qualified party to bring the conversion motion.

■ This Court also concludes that while 11 U.S.C. § 1307(b) gives the debtor the right to dismiss the Chapter 13 proceeding at any time, that section must be read in conjunction with 11 U.S.C. § 1307(c) which confers upon the Court the descretion to dismiss or convert. This case clearly illustrates the basis for this conclusion. The debtor sought and used this Court to restrain her creditors for several months while negotiating with her insurance carrier, even resisting the trustee's motion to dismiss, then, when a tentative settlement was reached and the trustee insisted that the rights of creditors to the proceeds should be determined by this Court, filed a motion to dismiss her case. To grant the debtor's motion to dismiss would be contrary to the spirit and purpose of this Chapter 13 and clearly not in the best interest of the creditors. The likely result will be a multiplicity of litigation in state court resulting in the more aggressive and quicker acting creditors being rewarded and the bulk of the creditors receiving nothing. Such was not the intent of Congress.

The Bankruptcy Code, Section 1325(a), has eliminated the right of creditors to vote on confirmation of a Chapter 13 case and has charged the Court with the responsibility to determine that the best interest of creditors has been met and Section 1307(c) continues the responsibility to see that the best interest of creditors is protected upon termination of a Chapter 13 case. Accordingly the case should be converted to a Chapter 7 proceeding.

A separate Order consistent with these Findings of Fact is entered contemporaneously herewith.