**In re Christopher Mar BENEDIKTSSON, SS # 536–52–6635, and Catharine Vettel Benediktsson, SS # 550–70–5473, f/k/a Dawson.**

**Bankruptcy No. 83–01262–x.**

United States Bankruptcy Court,
W.D. Washington, at Seattle.

Nov. 14, 1983.

---

**350**

David A. Bricklin, Bricklin & Gendler, Seattle, Wash., for creditors Rodgers and Morgan.

Martin E. Snodgrass, Keller, Jacobson, Hole, Jackson & Snodgrass, Bellevue, Wash., for debtors.

## MEMORANDUM AND ORDER ON DEBTORS' MOTION TO DISMISS AND APPLICATIONS TO CONVERT CASE TO CHAPTER SEVEN

KENNETH S. TREADWELL, Bankruptcy Judge.

### BACKGROUND

The Court has before it for determination competing motions regarding the debtors' Chapter 13 case. Certain creditors of the debtors and the standing Chapter 13 trustee have applied to the Court for an order converting the case to Chapter 7; the debtors have responded by moving to have the case dismissed.

At the nub of this dispute is the fact that certain alleged preferential mortgages have been released to debtors' counsel subsequent to the filing of the debtors' Chapter 13 petition. If the debtors' case were now to be dismissed, it is likely that debtors will record the releases of the mortgages, thereby increasing their homestead exemptions, with the effect that potential recovery of the benefits of avoidance of the alleged preferential transfer may be lost by debtors' creditors. Conversion, of course, would maintain the trustee's ability to preserve the alleged preferential mortgages for the benefit of the estate under Bankruptcy Code § 551.

### LAW

■ The creditors and the trustee rely upon subsection (c) of Code § 1307 which provides in pertinent part:

"... on request of a party in interest and *after* notice and a hearing, the court *may* convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause ..." (Emphasis added).

The debtors, in turn, rely upon subsection (b) of Code § 1307 which provides:

"On request of the debtor *at any time* if the case has not been converted under section 706 or 1112 of this title, the court *shall* dismiss a case under this chapter. Any *waiver* of the right to dismiss under this subsection is *unenforceable.*" (Emphasis added).

Forced to reconcile these two subsections, the Court concludes that subsection (b) compels it to dismiss the case for the following reasons:

First, the language of subsection (b) is plain and unambiguous. It states that "at any time" the case has not been converted, the Court *shall* dismiss the case on request by the debtor. The word "shall," traditionally a word of command (see *U.S. ex rel. Siegel v. Thoman,* 156 U.S. 353, 15 S.Ct. 378, 39 L.Ed. 450 (1895)), appears to mean no less here. It is distinguishable by comparison to the permissive "may" present in § 1307(c). Moreover, since § 1307(b) contemplates conversion of a Chapter 13 case, it is more than a plausible inference from the use of the words "at any time" in

§ 1307(b), that those words mean just that and therefore include any time prior to an order of conversion. Further, § 1307(c) requires "notice and a hearing" for conversion, whereas dismissal may be obtained *ex parte* on request of a debtor. There is simply no provision in § 1307(b) for a hearing on debtors' request for a dismissal to consider, for example, a competing motion for conversion under § 1307(c). And, § 1307(b) goes on to provide that any waiver of the debtors' right to dismiss is unenforceable. Presumably, therefore, delay by the debtors in seeking dismissal until such time as a motion to convert has been filed, should not be deemed a waiver of the debtors' right to dismiss.

Second, the legislative history to § 1307(b) fully supports the Court's reading of that subsection. The House took a mandatory view of dismissal in stating:

"Subsection (b) [of Section 1307] *requires* the court, on request of the debtor, to dismiss the case if the case has not already been converted from chapter 7 or 11." (Emphasis added).

H.Rep. 95–595, 95th Cong., 1st Sess. (1977) 428, U.S.Code Cong. & Admin.News 1978, p. 5787, 6384. The Senate agreed, stating:

"Subsections (a) and (b) confirm, *without qualification,* the rights of a Chapter 13 debtor to ... have the chapter 13 case dismissed. (Emphasis added).

S.Rep. 95–989, 95th Cong., 2nd Sess. (1978) 141, U.S.Code Cong. & Admin.News 1978, p. 5927. There is no reference whatsoever in the legislative history to § 1307(b) which might support the notion that the Court may exercise discretion in considering a debtor's request to dismiss where the Chapter 13 case has not been converted.

Third, it would mark a significant departure from the law as it existed under the former Bankruptcy Act if a Chapter 13 debtor under the Code were not to have an unqualified right to dismissal. It is unlikely that such a departure, if intended by Congress, would go unnoticed as not to be stated expressly in § 1307(b) or noted in the legislative history. Section 666 of the Act and Rule 13–112(a)(2) provided that the Court could not convert a chapter XIII case to a chapter VII case without the debtor's written consent. Although the Code no longer makes conversion conditional upon the debtor's consent, it still appears to allow the debtor the unfettered right of dismissal unless the case already has been converted.

Fourth, the Court's reading of § 1307(b) is consistent with the strong social policy behind Chapter 13 which favors the voluntary payment of debts by individuals. When the present Chapter 13 was enacted as part of the Bankruptcy Reform Act, Congress clearly meant to encourage the expanded use of that chapter. To that end, Chapter 13 expanded the category of individuals who were eligible to file plans under that chapter, permitted modification of secured claims, and contained more expansive discharge provisions. The voluntary nature of Chapter 13 is cemented, *inter alia,* in: Code § 303(a) which provides that a Chapter 13 case may not be commenced involuntarily; Code § 706 and § 1112(d) which provide that a debtor in Chapter 7 or Chapter 11 may voluntarily convert to Chapter 13; and Code § 1321, which provides that no entity other than the debtor may file a Chapter 13 plan. It would violate this social policy of voluntary relief if the Court were to allow conversion to liquidation over the debtors' motion to dismiss.

■ The Court therefore concludes that subsections (b) and (c) are to be read as providing that if the debtor does not move for dismissal, the Court may exercise discretion and convert or dismiss the Chapter 13 case for cause shown. Most of the authorities appear to be in accord with this reading. *See, In re Hearn,* 18 B.R. 605 (Bkrtcy. D.Neb.1982); *In re Kelsey,* 6 B.R. 114 (Bkrtcy.S.D.Tex.1980); 5 *Collier on Bankruptcy,* 1307.01[4], 1307–5, (15th ed. 1982). *Contra, In re Gillion,* 31 B.R. 550 (Bkrtcy.E. D.Ark.1983).[1]

---

1. Appealed to the United States District Court for the Eastern District of Arkansas, Western

Division (LR–C–83–587).

For all the foregoing reasons, it is

ORDERED, that all orders entered previously hereto regarding dismissal or conversion of the debtors' case are hereby vacated; and it is further

ORDERED, that the debtors' Chapter 13 petition is dismissed and the § 362 automatic stay is lifted as of the date of this order.