In re Thomas Michael TURIACE and Jo Anne Turiace, DBA Deer Creek Feed and Hardware; Advanced Water Systems, Debtors.

Bankruptcy No. 683–07788.

United States Bankruptcy Court, D. Oregon.

Feb. 2, 1984.

Steven P. Medley, Schultz, Salisbury and Cauble, Grants Pass, Oregon, for debtors.

Daniel D. Phillips, Grants Pass, Oregon, for creditors.

Fred Long, Eugene, Oregon, trustee.

## MEMORANDUM OPINION

POLLY S. WILHARDT, Bankruptcy Judge.

On November 8, 1983, the debtors filed a motion to dismiss their Chapter 13 proceeding, citing 11 U.S.C. Section 1307(b). Two of debtors' creditors, Mr. and Mrs. Chapen, have objected to the dismissal and have filed a motion to convert the debtors' Chapter 13 proceeding to a Chapter 7 liquidation proceeding pursuant to 11 U.S.C. Section 1307(c).

This court is to determine whether, under the circumstances, debtors have an absolute right to have their proceeding dismissed.

Debtors filed their Chapter 13 petition on July 19, 1983, and their proposed plan on July 29, 1983. Certain creditors filed objections to the proposed plan. Debtors filed a first modified plan on August 10, 1983, and a second modified plan on August 24, 1983.

Creditors continued to raise objections to each modified plan. Simultaneously Mrs. Chapen, having moved the court under Section 362(d), received relief from the automatic stay by an order, dated October 14, 1983, stipulated to by the parties. Pursuant to the order the Chapens were allowed to proceed to foreclose their security interest in certain inventory and equipment. By such stipulation the Chapens expressly did not waive their right to a deficiency judgment against the debtors.

In support of their motion to convert, the Chapens cite *In re Gillion,* 31 B.R. 550 (Bankr.E.D.Ark.1983). In *Gillion* as in this case a Chapter 13 debtor had moved to dismiss her proceeding and a creditor had moved to convert it to a Chapter 7 liquidation proceeding. *Gillion* concludes that 11 U.S.C. Section 1307(b) must be read in conjunction with 11 U.S.C. Section 1307(c). Such a reading led the *Gillion* court to interpret the seemingly mandatory language of Section 1307(b) as allowing the court discretion to either convert or dismiss.

Another case on point, *In re Hearn,* 18 B.R. 605 (D.Neb.1982), concludes that the language of 11 U.S.C. Section 1307(b) is mandatory and the court has no choice but to dismiss a Chapter 13 proceeding on the debtor's motion.

We find the better reasoned argument in *In re Hearn.* As the opinion indicates, the court's position is supported by the section's legislative history and Collier on Bankruptcy. The *Hearn* decision points out that 11 U.S.C. Section 108(c) prohibits creditors from losing their causes of action as a consequence of the filing of the Chapter 13 proceeding. The Chapens, having rapidly moved for relief from stay and having received it, are in a position to pursue their deficiency against the debtors, if any, in state court.

The debtors' motion to dismiss is granted. Chapens' motion to convert has become moot.

This Memorandum Opinion contains the court's Findings of Fact and Conclusions of Law, and pursuant to Bankruptcy Rule

9014, which incorporates Rule 7052, they will not be separately stated.