**In re Hal ZAROWITZ and Barbara Zarowitz, Debtors.**

**In re Stuart BUCHALTER and Ilene Buchalter, Debtors.**

**Bankruptcy Nos. 83–30318, 83–30319.**

United States Bankruptcy Court, S.D. New York.

Feb. 7, 1984.

and the estate for cause.

Saul D. Kassow, Fishkill, N.Y., for debtors.

Jeffrey L. Sapir, Yonkers, N.Y., Chapter 13 Trustee in Bankruptcy.

Rusk, Rusk, Plunket & Wadlin, Kingston, N.Y., for Key Bank of Southeastern New York, N.A.; John J. Wadlin, Kingston, N.Y., of counsel.

Cornelius Blackshear, U.S. Dept. of Justice, New York City, U.S. Trustee.

## MEMORANDUM AND ORDER ON DEBTORS' MOTIONS TO DISMISS CASES PURSUANT TO 11 U.S.C. § 1307(b)

JEREMIAH E. BERK, Bankruptcy Judge.

The issue presented is whether Chapter 13 debtors may use Bankruptcy Code § 1307(b) to dismiss their case as of right in the face of a pending motion under § 1307(c) to convert their case to Chapter 7 liquidation. This Court holds that Chapter 13 debtors have an absolute right to dismiss their case pursuant to § 1307(b), provided that the case was not filed for an improper purpose, was not filed in bad faith, and did not constitute an abuse or misuse of the bankruptcy process.

## FINDINGS OF FACT

On July 19, 1983 the joint debtors, formerly business associates, filed these companion Chapter 13 cases. During the pendency of these cases and prior to the confirmation hearings, Key Bank of Southeastern New York, N.A., a secured creditor in each case, moved for an order dismissing the cases in their entirety alleging, in substance, that the plans as proposed were not feasible and otherwise not able to be confirmed. At the hearing on the secured creditor's motions to dismiss pursuant to § 1307(c), which hearing was noticed to all creditors in each case, the Chapter 13 trustee appeared, opposed and moved, also pursuant to § 1307(c), to convert the cases to Chapter 7 alleging that unsecured creditors would receive a substantial distribution in a bankruptcy liquidation. The debtors thereupon joined in the creditor's motions to dismiss, opposed the trustee's motions to convert, and by separate notice to all creditors in each case moved for dismissal pursuant to § 1307(b). The debtors maintain that dismissal of their cases would allow them to refinance their respective homestead properties so as to provide funds for distribution to all creditors greater than a liquidating trustee could achieve. No unsecured creditor appeared on the return date of either noticed motion.

The debtors take the position that they have an absolute right to have their cases dismissed pursuant to § 1307(b), notwithstanding that the trustee may have earlier moved for conversion, and notwithstanding that conversion may be in the best interest of creditors. In support of their position the debtors point to the apparent mandatory language of § 1307(b) and its legislative history which requires the Court, on request of the debtor, to dismiss the case provided it has not been previously converted into Chapter 13 from Chapter 7 or Chapter 11.

## CONCLUSIONS OF LAW

■ After reviewing the legislative history and case law to date, this Court is satisfied that § 1307(b) grants to Chapter 13 debtors an absolute right to have their cases dismissed at any time prior to entry of an order of conversion, provided that the cases had not been filed for an improper purpose, in bad faith, or to abuse or misuse the bankruptcy process. The Chapter 13 trustee herein does not allege improper purpose, bad faith filing or such abuse or misuse. Rather, the trustee asserts that conversion, as opposed to dismissal, would be in the best interest of all creditors.

The developed case law on this issue is persuasive and supports the debtors' absolute right to dismiss a Chapter 13 case. *See, In re Benediktsson,* 34 B.R. 349, 11 B.C.D. 209 (Bkrtcy.W.D.Wash.1983) and cases cited therein; *In re Gillion,* 36 B.R. 901 (D.C.E.D.Ark.1983), *rev'g,* 31 B.R. 550, 10 B.C.D. 1354 (Bkrtcy.E.D.Ark., 1983).

■ This Court is mindful of the potential for abuse were Chapter 13 debtors able to use with impunity the bankruptcy court as a legal playground or revolving door, filing and dismissing bankruptcy cases at will so as to delay, frustrate and harass legitimate creditor interests. *See, e.g., In re Bystrek,* 17 B.R. 894 (Bkrtcy.E.D.Pa. 1982); *In re Whitten,* 11 B.R. 333 (Bkrtcy. D.C.1981). Those debtors who attempt to misuse the automatic stay or other protections or benefits attendant to Chapter 13, on the return date of a motion to convert, might then move to dismiss as of right under § 1307(b). If it can be demonstrated that the Chapter 13 case was filed for an improper purpose, in bad faith or was otherwise filed to abuse or misuse the bankruptcy process, the bankruptcy court should deny such debtor-requested dismissal in favor of a pending motion to convert. *See generally* Ordin, *The Good Faith Principle in the Bankruptcy Code: A Case Study,* 38 *The Business Lawyer* 1795 (1983).

■ No improper purpose, bad faith, misuse or abuse of the bankruptcy process having been alleged by the trustee or any other party in interest herein, this Court is satisfied that the legislative history and case law interpreting § 1307(b) and (c) permit dismissal of these cases on the debtors' motions, notwithstanding that conversion to Chapter 7 might, as the trustee alleges, be in the best interest of creditors.

It is therefore,

ORDERED that the debtors' motions pursuant to 11 U.S.C. § 1307(b) to dismiss their Chapter 13 cases are granted; the Chapter 13 trustee's motions pursuant to § 1307(c) for conversion of the cases to Chapter 7 are denied; and the within Chapter 13 cases are hereby dismissed; and it is further

ORDERED that the Chapter 13 trustee be awarded the sum of $50.00 in each case as reimbursement of administrative costs and expenses.