**In re Robert H. JACOBS, Debtor.**

**Bankruptcy No. 884–40488–18.**

United States Bankruptcy Court, E.D. New York.

Nov. 21, 1984.

Norman M. Mendelson, Carle Place, N.Y., for debtor.

Richard McCord, Glen Cove, N.Y., Trustee.

Joseph N. Mattone, Flushing, N.Y., for Citibank.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

Debtor, Robert H. Jacobs, has moved this court for an order pursuant to § 1307(b) of the Bankruptcy Reform Act of

1978, as amended ("Code"), dismissing his Chapter 13 petition.

## BACKGROUND

Debtor filed the instant petition and accompanying Chapter 13 Statement on *March 22, 1984*. The debtor certified the truthfulness of the information contained in both the petition and the Chapter 13 Statement.

In response to Question 8 of the Chapter 13 statement, which queries whether a prior petition had been filed by or against the debtor, the debtor stated that he had not filed a prior petition. Official Form No. 1 requires that a voluntary petitioner declare under penalty of perjury that the information contained therein is "true and correct." Official Form No. 10 requires that a petitioner likewise declare under the penalty of perjury that the information is "true and complete to the best of his knowledge, information and belief."

The Chapter 13 petition was also signed by Norman Mendelson, the attorney for the debtor. His signature appears below the following declaration: "Petitioner is qualified to file this petition and is entitled to the benefits of title 11, United States Code, as a voluntary debtor."

A hearing on confirmation of the debtor's plan was scheduled for June 5, 1984. Parenthetically, this constitutes the first appearance by the debtor before a judge of the court. At that hearing, the court was apprised by the trustee that the debtor had in fact filed a prior petition in the month of *November, 1981*. It was also established that the petition was dismissed in *January, 1984* as a consequence of debtor's default to make the requisite payments pursuant to the terms of the previously confirmed plan. Thus, the repeat filing occurred within two months of the previously dismissed petition. Norman Mendelson also represented the debtor in the first filing.

In the course of the hearing, the standing trustee, Richard McCord, further informed the court that the debtor in the instant case had failed to list as is required by law, an obligation owed to the New York State Tax Commission in the amount of $16,250.00, Title 11, § 521, § 523. The

trustee further advised the court that the debtor's budget was patently insufficient to repay the scheduled debts and the unscheduled tax liability, thereby rendering the proposed plan unfeasible pursuant to the provisions of Title 11, § 1325.

The trustee objected to the confirmation of the debtor's plan. In addition, a secured creditor, the Citibank, as mortgagee, also objected posited on the debtor's default in making any of the post-petition mortgage installment payments. In light of these facts, the court adjourned the confirmation hearing to June 26 to afford the debtor an opportunity to satisfy the objections of the trustee and Citibank and to propose a feasible Chapter 13 plan. Said date was fixed at the request of, and to accommodate the debtor.

At the scheduled hearing for June 26 the debtor failed to appear. His attorney, Norman Mendelson, was unable to explain the debtor's absence. Consequently, he requested an adjournment of the hearing and it was adjourned to July 10, 1984. On July 9, on the eve of the adjourned confirmation hearing, the attorney for the debtor, Norman Mendelson, submitted an *ex parte* application by mail seeking to dismiss the Chapter 13 case. At the hearing on July 10, the court denied the application in light of the pending hearing and the court directed Mr. Mendelson to give notice to all parties in interest.

Accordingly, the hearing was adjourned and scheduled for July 26, 1984. The court directed Mr. Mendelson to produce his client on the adjourned hearing date. On July 26, debtor again failed to appear. Mr. Mendelson could not provide the court with any rational basis explaining his client's nonappearance.

The court commenced the hearing on good faith. The hearing was continued to July 27, 1984. Again the court instructed Mr. Mendelson that it was essential that his client appear and be examined. On July 27, 1984, the debtor did not appear notwithstanding the order of the court.

The hearing proceeded and Mr. Mendelson sought to justify the inaccuracies con-

tained in debtor's schedules as a consequence of clerical error. The trustee responded to the characterization by asserting that there were "at least five other cases in which Mr. Mendelson's clients had filed second or third petitions and concealed the fact that a prior petition had in fact been filed." In this case, not only had the debtor filed a second petition on the heels of a prior dismissal, which is presumptively suspect, but compounded the irregularity by failing to disclose such state of facts under the penalty of perjury and willfully disregarding orders of this court that he appear and be examined.

The hearing was continued to September 25 to afford the debtor a final opportunity to appear.

On September 25, 1984, the debtor did not appear. Mr. Mendelson informed the court that his client would not appear and lose a day's work. He then renewed his application for a dismissal of the debtor's petition stating that he had at this juncture served the New York State Department of Taxation and Finance with a copy of his motion to withdraw the petition and asserting that with the consent of Citibank, the court was mandated to dismiss the petition.

The court denied the motion premised on the findings following: (1) a hearing on good faith had been initiated; (2) the debtor was in willful disobedience of the court's order to appear and be examined pursuant to the statutory duties and obligations imposed on debtors; (3) that a dismissal would not serve the best interests of creditors; and (4) that a granting of the motion would wrest the court of its jurisdiction to review the apparent abuse and manipulation by the debtor of the bankruptcy process. .

## DISCUSSION

Section 1307(b) of the Bankruptcy Code provides in unambiguous language that "on request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter."

Mr. Mendelson, the attorney for the debtor, argued that a debtor's right to dismissal is absolute relying upon the above-cited section and asserted that the court lacks discretion to deny the motion to dismiss the case. The attorney completely discounts the perjurious and false representations by his client, the gross misconduct of his client in failing to obey lawful orders of the court, and the allegations of a second filing for an improper purpose in abuse of the bankruptcy law and proceedings.

The court has reviewed the legislative history pertaining to § 1307(b). It seems to lend a modicum of support to debtor's position. The House has underscored the mandatory nature of § 1307(b):

> Subsection (b) [of Section 1307] requires the court, on request of the debtor, to dismiss the case if the case has not already been converted from Chapter 7 or 11.

H.Rep. 95–595, 95th Cong., 1st Sess. 428 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6384. The Senate used similar language, stating:

> Subsections (a) and (b) confirm, without qualification, the rights of a Chapter 13 debtor to ... have the Chapter 13 case dismissed.

S.Rep. 95–989, 95th Cong., 2nd Sess. 141 (1978), U.S.Code Cong. & Admin.News 1978, p. 5927.

However, a close reading of § 1307(b) in adjunct with the context of the general framework and intent of the section belies such construction. Section 1307 deals with conversion and dismissal. Subsections (a) and (b) make clear that in light of the voluntary nature of a Chapter 13 filing, see § 303(b), a debtor is accorded the prerogative to convert (§ 1307(a)) or to dismiss his case at any time (§ 1307(b)). Subsection (c) accords parties in interest the correlative right to move for dismissal or conversion for cause.

It is axiomatic that the provisions of § 1307(b) were not meant or intended to vitiate the court's inherent duty to guard against jurisdictional abuse as well as the misuse and manipulation of the bankruptcy process.

Some courts have held that a debtor's rights under § 1307(a) and (b) may be exer-

cised to defeat a pending motion by a party in interest. In *In re Benediktsson*, 34 B.R. 349, 11 B.C.D. 209 (Bkrtcy.W.D.Wash. 1983), the court held that a Chapter 13 debtor was able to defeat a motion by creditors to convert the case under 1307(b). Alternatively, in *In re Gillion*, 31 B.R. 550, 10 B.C.D. 1354 (Bkrtcy.E.D.Ark.1983), the court concluded that once a motion to convert is made by a party in interest, the right of a debtor is no longer absolute. Thus, *Gillion* embodies the proposition that a debtor's right to dismiss his case may be deemed absolute under § 1307(b) only to the extent that no other statutory section or subsection is applicable. Where a motion has been made by a creditor, § 1307(b) is no longer applicable and § 1307(c) governs.

■ A review of these conflicting holdings elucidates as an initial proposition that § 1307 governs the rights of debtors, creditors and other parties in interest *inter sese*. It does not speak to the rights of a debtor to utilize § 1307(b) to frustrate a judicial inquiry, commenced in response to allegations of bad faith and misuse of the bankruptcy process made by parties in interest.

A reading of the *Gillion* decision also underscores that § 1307(b) retains its vitality only so long as no other statutory section governs.

■ Section 1325(a) imposes the duty upon a bankruptcy judge to analyze a Chapter 13 plan under the six criteria set forth therein to determine whether a debtor's plan is to be confirmed. *In re Ratmansky*, 7 B.R. 829, 6 B.C.D. 1362 (Bkrtcy. E.D.Penn.1980). Judge Baker has stated this legal proposition in similar terms:

> The Bankruptcy Code, Section 1325(a), has eliminated the right of creditors to vote on confirmation of a Chapter 13 case and has charged the Court with the responsibility to determine that the best interest of creditors has been met ...

31 B.R. 550, 10 B.C.D. at 1355.

■ Section 1325(a)(3) requires the court to find that "debtor's plan has been proposed in good faith and not by any means forbidden by law." The court in the instant case became apprised of specific and material misrepresentations in debtor's filing bearing on the question of debtor's good faith. Consequently, it was imperative that the court conduct a good faith hearing to safeguard the integrity of the bankruptcy process.

■ As has been stated, Section 1307(b) governs a debtor's right to withdraw his petition so long as it is not superseded by another Code section. In the instant case, Section 1307(b) must be read as subordinate to § 1325(a). Once a court has determined to set a hearing to inquire into allegations of debtor's bad faith and the filing of a petition contrary to the aim of a Chapter 13 filing and for an improper purpose, the right of a voluntary dismissal is interdicted.

A debtor may not escape from the consequences of a good faith hearing by the facile expedient of the voluntary withdrawal of his petition. The bankruptcy court was never intended to be a sanctuary for the exploitative schemes of debtors. Repetitive filings lacking the essential good faith commitment betray the foundation of the bankruptcy court as a court of equity. In this case the debtor has flagrantly breached his duties and obligations as a debtor.

This holding comports with a recent decision by Judge Berk in *In re Zarowitz*, 36 B.R. 906, 10 C.B.C.2d 172, 174 (Bkrtcy.S.D. N.Y.1984) where it was held that "If it can be demonstrated that [a] Chapter 13 case was filed for an improper purpose, in bad faith or was otherwise filed to abuse or misuse the bankruptcy process, the bankruptcy court should deny such debtor-requested dismissal in favor of a pending motion." Under such analysis, the court was obligated to deny debtor's request for dismissal of his case until such time as a scheduled good faith hearing had been conducted.

In *In re Whitten*, 11 B.R. 333, 340, 4 C.B.C.2d 817, 7 B.C.D. 902 (Bkrtcy.D.D.C. 1981), the court held:

> Under 11 U.S.C. § 1307(b) a debtor may dismiss his case at any time. While this right of the debtor no doubt exists within

the parameters of Chapter 13, it is not to be construed in derogation of the Court's inherent power to prevent the abuse and misuse of the judicial process where pleadings are filed in bad faith.

This court's action in denying the debtor's motion to dismiss his Chapter 13 case while a good faith hearing was pending was necessary to protect the jurisdictional integrity of the bankruptcy court which sits in equity and therefore demands that the parties seeking relief enter with clean hands. If a debtor were granted an unfettered right to dismiss his petition at a point in time where an abuse of the process is uncovered, then a bankruptcy court could devolve into a "legal playground or revolving door, [with debtors] filing and dismissing bankruptcy cases at will so as to defray, frustrate and harass legitimate creditor interests." 36 B.R. 906, 10 C.B.C.2d at 173–74; *see Furness v. Lilienfield,* 35 B.R. 1006 (D.Md.1983). Section 1307(b) was never intended to yield such a result.

The court on the record in this proceeding finds: (1) that the debtor knowingly made a false representation in the Chapter 13 statement of affairs; (2) that the debtor filed a petition and plan bereft of any economic feasibility; (3) that the debtor filed a petition for an improper purpose; (4) that the debtor filed a petition to hinder and delay the legitimate rights of creditors; (5) that the debtor failed to obey the lawful orders of the court and thereby unduly and needlessly exacted a toll of judicial time and taxed the time of the trustee and the secured creditor; and (6) that the debtor's contumacious and willful disobedience of the court's orders disrupted the orderly and expeditious administration of the case.

Accordingly, the debtor's motion for a voluntary dismissal of the petition is denied. The petition, however, is dismissed upon a finding that the petition was demonstrably filed by the debtor in bad faith and contrary to the aims and objectives of Chapter 13, Title 11 U.S.C.

The court further finds that sanctions are warranted under Bankruptcy Rule 9011, and therefore imposes sanctions of $500 to be paid by the debtor as follows:

$250 to Richard McCord, the standing Chapter 13 trustee, and $250 to Joseph N. Mattone, attorney for Citibank.

It is SO ORDERED.