**In re James C. POWERS (S.S. # 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), Debtor.**

**Bankruptcy No. 84-00253.**

United States Bankruptcy Court, M.D. Louisiana.

March 22, 1985.

Michael J. Harig, Baton Rouge, La., for creditor, Capital Bank and Trust Co. of Baton Rouge.

Fred A. Blanche, III, Baton Rouge, La., for debtor.

Erwin A. LaRose, Baton Rouge, La., Chapter 13 trustee.

## ORDER

WESLEY W. STEEN, Bankruptcy Judge.

A creditor, Capital Bank and Trust Company of Baton Rouge ("Capital Bank"), has moved pursuant to 11 U.S.C. § 1307(c) for the conversion of this Chapter 13 case to a case under Chapter 7. After the hearing, but prior to the disposition of this motion, the Debtor filed a motion to dismiss his Chapter 13 case. The Debtor asserts that he has an absolute right to dismiss and that the creditor's motion cannot now be granted.

The Debtor filed his Chapter 13 plan on April 3, 1984. The plan was confirmed by this Court on July 16, 1984, directing the Debtor to pay to the trustee the sum of $200.00 per month. On November 8, 1984, Capital Bank filed a motion to convert, alleging that the plan was filed in bad faith to the detriment of the creditors. At a hearing held on January 3, 1985, the evidence showed that the Debtor had, in his schedules, understated the amount of his federal income tax refund by approximately $8,000.00. Furthermore, the Debtor failed altogether to list other assets in his schedules or listed as valueless some assets that indeed had some value. The Debtor testified that he sold a piece of equipment not listed on the schedule, which sale enabled the Debtor to make a trip to Cozumel, Mexico, for a scuba diving vacation one month after the plan was confirmed. On account of this evidence, and under authority of 11 U.S.C. § 1330, the Court revoked the Chapter 13 plan and took the issue of conversion under advisement to allow the Debtor the opportunity to file a revised plan that would, among other things, include disposition of a substantial portion of the income tax refund being held by the trustee.

A new plan was indeed filed; the Debtor then substituted new counsel; and that at-

torney has now filed a motion to dismiss the Chapter 13 case under the provisions of 11 U.S.C. 1307(b).

11 U.S.C. 1307(b) states:

"On request of the debtor at any time, if the case has not been converted under sections 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."

The issue is whether the Debtor has an absolute right to dismiss under 11 U.S.C. 1307(b) while a motion to convert is pending under the circumstances described herein. The significance of the issue lies in the applicable date of filing and in the disposition of substantial assets now in the hands of the trustee.

While the literal language of § 1307(b) is that a debtor has an absolute right to dismiss a Chapter 13 case, this Court concludes that the pending motion to convert allows the Court to do so under the circumstances.

There is authority for a debtor's absolute right to dismiss a Chapter 13 case. See *In re Benediktsson,* 34 B.R. 349, 11 B.C.D. 209 (Bkrtcy.W.D.Wash., 1983), *In re Gillion,* 36 B.R. 901 (E.D.Ark., 1983), and *In re Turiace,* 41 B.R. 466 (Bkrtcy.Or., 1984). There is, however, jurisprudence which supports a finding that while the right is otherwise absolute, it does not apply where the debtor has filed the case for an improper purpose, in bad faith, or to abuse or misuse the bankruptcy process. See *In re Zarowitz,* 36 B.R. 906 (Bkrtcy.S.D.N.Y., 1984) and *In re Whitten,* 11 B.R. 333, 7 B.C.D. 902 (Bkrtcy.D.C., 1981).

In this case, the Debtor omitted assets from his schedules and grossly undervalued his federal income tax refund. He acted in bad faith in doing so. It was not the purpose of 1307(b) to allow the Debtor to use Chapter 13 as a delaying tactic or for other improper motives.

The Court could have converted the case to a case under Chapter 7 at the hearing on January 3, 1985. As an accomodation to the Debtor, however, the Court reserved ruling on that motion to allow the Debtor to amend his plan and to attempt confirmation of a new plan. It was only on account of this accomodation to the Debtor that there has arisen the opportunity to file a motion to dismiss. The Debtor should not be permitted to circumvent the Court's ruling on a proper motion by using an extension of time for a purpose other than the one intended.

It is, therefore, ordered that the Debtor's motion to dismiss under 11 U.S.C. 1307(b) be and is hereby denied, and the motion of Capital Bank and Trust Company for conversion of the Chapter 13 case to a Chapter 7 case be and is hereby granted under authority of 11 U.S.C. § 1307(c)(1) and (7) and the other "cause" implicit in these reasons related to the Debtor's conduct and assets in the hands of the trustee.