**In re Eddie D. LOONEY, Debtor.**

**Bankruptcy No. 7–86–00912–BKC–HPB.**

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

Sept. 9, 1988.

Robert T. Copeland, Copeland, Molinary & Bieger, Abingdon, Va., for debtor.

Michael L. Shortridge, Norton, Va., for Grundy Nat. Bank.

Jo S. Widener, Bristol, Va., trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

The issue before the court is whether a Chapter 13 debtor has an absolute right, on debtor's Motion, to have the case dismissed while a Motion to Convert it to Chapter 7 by the trustee is also pending.

The relevant facts are as follows: Creditor Grundy National Bank ("Grundy") incurred substantial attorney's fees arising out of claims it asserted against Eddie D. Looney ("debtor"). On June 13, 1988, Grundy and the debtor reached an agreement to compromise and resolve all the claims between them, thereby permitting the debtor to have the case dismissed. On that same date, the debtor filed his Motion to Dismiss pursuant to 11 U.S.C. § 1307(b). On July 25, 1988, the Chapter 13 trustee moved to convert the case to Chapter 7 pursuant to 11 U.S.C. § 1307(c), alleging that such was necessary to protect secured and unsecured creditors of the debtor.

The question, simply put, is whether the trustee's Motion to Convert the case should be granted in lieu of granting debtor's motion to dismiss under § 1307(b).

The trustee relies upon 11 U.S.C. § 1307(c) which provides in pertinent part:

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court *may* convert a case under this chapter to a case under chapter 7 of this title, or *may* dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
>
> (4) failure to commence making timely payments under section 1326 of this title;
>
> (5) material default by the debtor with respect to a term of a confirmed plan; (emphasis added)

The debtors, in turn, rely upon 11 U.S.C. § 1307(b) which provides:

> On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court *shall* dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable. (emphasis added)

Forced to reconcile these two subsections, the court concludes that subsection (b) compels it to dismiss the case.

An analysis of the two subsections discloses that they are not designed to accom-

plish a singular and common purpose. On the contrary, each is intended to accomplish an objective, separate and apart from the other. *In re Gillion*, 36 B.R. 901, 906 (D.C.E.D.Ark.1983).

The language used in the two subsections is clear and unambiguous. Subsection (b) states that "at any time" where the case has not been converted from another chapter, the court *shall* dismiss the case on request of the debtor. By comparison, the use of the permissive word "may" in subsection (c) signifies that Congress realized the difference in meaning and intended that the words carry with them their ordinary meaning. 36 B.R. at 906. *See also, In re Benediktsson*, 34 B.R. 349 (Bankr.W. D.Wash.1983).

The legislative history of § 1307(b) supports the court's reading of that subsection. Both the Senate and the House adopted a mandatory view of dismissal. *See* H.Rep. 95–595, 95th Cong., 1st Sess. (1977) 428, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6384; S.Rep. 95–989, 95th Cong., 2nd Sess.(1978) 141, U.S.Code Cong. & Admin.News 1978, p. 5927. There is no reference in the legislative history to § 1307(b) which might support the premise that the court has the power to exercise discretion when considering a debtor's request to dismiss when the Chapter 13 case has not yet been converted. 34 B.R. at 351.

In order to promote the strong social policy behind Chapter 13 which favors the voluntary payment of debts by individuals, Congress recognized that a debtor should have the unhampered ability to avoid Chapter 7 liquidation if (s)he elects to do so before conversion of the Chapter 13 case by a party in interest or the United States Trustee. 36 B.R. at 905. It would contradict this strong social policy to allow the court to convert a Chapter 13 case to a Chapter 7 case over the debtor's motion to dismiss.

The vast majority of case law on this issue supports this court's position that the debtor has an absolute right to dismiss before the Chapter 13 case has been converted. *In re Nash*, 765 F.2d 1410 (9th Cir.1985); *In re Tatsis*, 72 B.R. 908 (Bankr. W.D.N.C.1987); *In re McConnell*, 60 B.R. 310 (Bankr.W.D.Va.1986); *In re Turiace*, 41 B.R. 466 (D.Oregon 1984); *In re Merritt*, 39 B.R. 462 (Bankr.E.D.Pa.1984); *In re Zarowitz*, 36 B.R. 906 (Bankr.S.D.N.Y. 1984); *In re Gillion*, 36 B.R. 901 (D.C.E.D. Ark.1983); *In re Benediktsson*, 34 B.R. 349 (Bankr.W.D.Wash.1983); *In re Hearn*, 18 B.R. 605 (D.Neb.1982).

In short, a bankruptcy court has no authority to convert a Chapter 13 case, notwithstanding the trustee's allegation that it would be in the best interest of the creditors to do so. *In re Zarowitz*, 36 B.R. at 908. "Under § 1307(b), upon motion of the debtor, the court has no choice and shall dismiss the case." *In re McConnell*, 60 B.R. at 312.

Therefore, upon payment of the appropriate administrative expenses incurred by the Chapter 13 trustee as fixed by this court upon proper application, this case shall be dismissed.

An appropriate order will be entered.