**In re David McCRANEY, et al.**

No. 3:93CV7014.

United States District Court,
N.D. Ohio,
Western Division.

March 27, 1993.

Howard B. Hershman, Strong & Hershman, Toledo, OH, and William M. McCue, Maumee, OH, for plaintiff Linda A. McCraney.

*OPINION AND ORDER*

POTTER, District Judge:

This cause is before the Court on appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). Although a bankruptcy judge's findings of fact are not set aside unless clearly erroneous, conclusions of law are subject to *de novo* review. See Bankruptcy Rule 8013; *In re Comer*, 723 F.2d 737, 739 (9th Cir.1984). On November 4, 1992, Judge Krasniewski issued an order vacating his October 22, 1992 order dismissing debtor's chapter 13 case. He further ordered, among other things, that the case was "reopened," enjoined the debtors from dissipating certain funds, and that the McCraneys appear before the court "and show cause why the funds received as a full and final settlement of all claims against BP America, Inc. should not be paid to the chapter 13 trustee to complete Debtors' chapter 13 plan."

■ At issue on appeal is the meaning and construction given to 11 U.S.C. § 1307(b), which states in relevant part that "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112 or 1208 of this title, the court shall dismiss a case under this chapter." Appellants assert that this is an unfettered right and that the bankruptcy court is given no discretion when presented with such a motion by a debtor. The motion to dismiss was filed on October 15, 1992 and was granted on October 22, 1992. It follows then that the case had already been dismissed when the trustee filed his motion on October 22, 1992. Appellant argues that "[since] debtor's dismissal did not constitute the 'closing' of the case within the contemplation of 11 U.S.C. 350(a) and is not subject of [sic] 'reopening' for any reason." Faced with a similar argument, the Bankruptcy Court for the Eastern District of New York held that:

[A] close reading of § 1307(b) in adjunct with the context of the general framework and intent of the section belies such construction. Section 1307 deals with conversion and dismissal. Subsections (a) and (b)

make clear that in light of the voluntary nature of a Chapter 13 filing, *see* § 303(b), a debtor is accorded the prerogative to convert (§ 1307(a)) or to dismiss his case at any time (§ 1307(b)). Subsection (c) accords parties in interest the correlative right to move for dismissal or conversion for cause.

It is axiomatic that the provisions of § 1307(b) were not meant or intended to vitiate the court's inherent duty to guard against jurisdictional abuse as well as the misuse and manipulation of the bankruptcy process.

.   .   .   .   .

A review of these conflicting holdings elucidates as an initial proposition that § 1307 governs the rights of debtors, creditors and other parties in interest *inter sese*. It does not speak to the rights of a debtor to utilize § 1307(b) to frustrate a judicial inquiry, commenced in response to allegations of bad faith and misuse of the bankruptcy process made by parties in interest.

A reading of the *Gillion* [31 B.R. 550 (Bkrtcy.1983)] decision also underscores that § 1307(b) retains its vitality only so long as no other statutory section governs.

*In re Jacobs,* 43 B.R. 971, 974–75 (Bkrtcy1984).

Title 11 U.S.C. § 105(a), from which the bankruptcy court derives its equity power, provides that the court can issue any order or make any determination that is necessary to prevent an abuse of process. The trustee's motion to reopen the case was supported by two letters from a workers' compensation attorney at BP America Inc., Mr. McCraney's employer. The June 16 and October 19, 1992 correspondence indicates that the debtor had apparently mislead the BP attorney into believing that appellant was no longer in bankruptcy and that a release from the trustee was not necessary. Although any settlement amount was to be paid into the plan, the debtors failed to do so and instead attempted to dismiss their case. Judge Krasniewski apparently found this sufficient to warrant further investigation and vacated his previous order dismissing the case.

The bankruptcy court show cause hearing is "necessary to protect the jurisdictional integrity of the bankruptcy court which sits in equity and therefore demands that the parties seeking relief enter with clean hands." *In re Jacobs,* 43 B.R. at 976.

THEREFORE, for forgoing reasons, good cause appearing, it is

ORDERED that the November 4, 1992 Order of the Bankruptcy Court be, and hereby is, AFFIRMED.