In re Nina Marie BARBIERI, Debtor.

No. 98 CV 5155(RJD).

United States District Court,
E.D. New York.

Nov. 10, 1998.

Gary C.. Fishoff, Fischoff & Associates, Garden City, NY, for Debtor.

Michael N. Coritsidis, Coritsidis & Lambros, New York, for RAJ Acquisition Corp.

Harold D. Jones, Gersten, Savage, Kaplowitz & Fredericks, LLP, New York, for Chapter 7 Trustee.

## MEMORANDUM & ORDER

DEARIE, District Judge.

Debtor Nina Marie Barbieri ("Barbieri") appeals from the order of the Bankruptcy Court for the Eastern District of New York (Case No. 198–13820: Swain, Bankr.J.) on July 22, 1998, denying her application to voluntarily dismiss her Chapter 13 petition and converting the case to Chapter 7. This Court granted a stay pending appeal. The Bankruptcy Court's order is affirmed.

### Background

Barbieri filed a Chapter 13 petition on March 24, 1998. Barbieri Aff. ¶ 2. As part of the Chapter 13 filing, Barbieri intended to sell property located at 96 E. Third Street, New York, New York. *Id.* The proceeds of sale were to have been used to satisfy creditors. *Id.* Prior to filing, on February 25, 1998, Barbieri entered into a contract to sell the property to RAJ Acquisition ("RAJ") for $585,000. Coritsidis June 17, 1998 Aff. ¶ 1; Coritsidis Aug. 31, 1998 Aff. ¶ 4(b). Subsequent to filing, Barbieri entered into another contract to sell the same property to a different party. Barbieri Aff. ¶ 3. According to

Barbieri, the post-petition contract was for a greater amount than the pre-petition contract, and therefore, Barbieri was seeking to avoid the pre-petition contract. RAJ disagrees and argues that its pre-petition contract was for a greater amount because the RAJ contract provided that Barbieri was entitled to back rent whereas the post-petition contract provided that the purchaser was entitled to the back rent. Coritsidis Aug. 31, 1998 Aff. ¶ 4(d).

Judge Swain of the Bankruptcy Court for the Eastern District of New York held a hearing on July 22, 1998 to consider the proposed sale of the property. Hr'g Tr. at 1. At the end of the hearing, Judge Swain denied Barbieri's application to voluntarily dismiss her Chapter 13 petition and converted the case to Chapter 7. *Id.* at 44–45. Judge Swain was persuaded that "conversion to Chapter 7 and an opportunity for the trustee in Chapter 7 to investigate the debtor's assets and obligations is more appropriate than permitting a withdrawal or a debtor in possession status under Chapter 11." *Id.* at 50.

On August 11, 1998, Barbieri presented, and this Court signed, an Order to Show Cause "staying the interim trustee and anyone acting upon his behalf from marshaling and/or liquidating the debtor's assets, pending the completion of appeal." The parties appeared before this Court on September 9, 1998. The Court granted Barbieri's motion to the stay the liquidation of assets pending the resolution of the narrow legal issue of whether the Bankruptcy Court had the authority under the provisions of the Bankruptcy Code to deny debtor's motion to dismiss the Chapter 13 petition.

### Discussion

#### A. Standard of Review

Upon appeal, a Bankruptcy Court's conclusions of law are reviewed de novo by the District Court. *Shugrue v. Air Line Pilots Assn., Int'l.*, 922 F.2d 984, 988 (2d Cir.1990); *In re Kenilworth Sys. Corp.*, 204 B.R. 665, 669 (E.D.N.Y.1997). Alternatively, Federal Rule of Bankruptcy Procedure 8013 provides that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set

aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr.Proc. 8013. A finding of fact is clearly erroneous if upon consideration of the entire record the reviewing court "forms 'a definite and firm conclusion that a mistake has been committed." ' *Kenilworth,* 204 B.R. at 669 *citing In re 9281 Shore Rd. Owners Corp.,* 187 B.R. 837, 847 (E.D.N.Y.1995).

### B. The Legal Issue: Whether the Bankruptcy Court Had The Authority to Deny Debtor's Motion to Dismiss

The legal issue on appeal is the scope of a debtor's right to dismiss a Chapter 13 filing under § 1307(b). Section 1307(b) of the Bankruptcy Code provides:

> On request of the debtor at any time, if the case has not been converted under Section 706, 1112, or 1208 of this Title, the court shall dismiss a case under this chapter.

11 U.S.C. § 1307(b) (1998). The meaning of the term "shall" has been a source of debate among bankruptcy courts. Some courts have found that the section grants the debtor an absolute right to dismiss and, therefore, have held that the court may not refuse to dismiss a filing upon the request of the debtor. These courts, however, have also held that the absolute right does not prevent the court from imposing conditions or sanctions upon the dismissal. Alternatively, other courts have found that the court may deny a debtor's motion to dismiss a Chapter 13 petition and convert the case upon a finding of bad faith or fraud.

The plain language of the statute suggests that the section is " 'mandatory and the court has no choice but to dismiss a Chapter 13 proceeding on the debtor's motion.' " *In re Greenberg,* 200 B.R. 763, 766 (Bankr. S.D.N.Y.1996) (citations omitted). Courts relying on the plain language, point to the grammatical differences between § 1307(b) and § 1307(c) [1]. Subsection (c) provides that

the court "may" convert a case to Chapter 7 "for cause." 11 U.S.C. § 1307(c) (1998). Alternatively, subsection (b) provides that the court "shall" dismiss a case "upon request of the debtor at any time" before the case has been converted. 11 U.S.C. § 1307(b) (1998). Courts have reasoned that since Congress used the permissive "may" in one and the mandatory "shall" in the other, Congress must have intended the provisions to operate differently. *See In re Patton,* 209 B.R. 98, 100–02 (Bankr.E.D.Tenn.1997) (examining plain meaning, legislative history, and purposes of provision in detail); *In re Harper–Elder,* 184 B.R. 403, 404–05 (Bankr.D.C.1995) (relying on "clear language of statute"); *In re Sanders,* 100 B.R. 338, 339 (Bankr. S.D.Ohio 1989) (reviewing legislative history); *In re Rebeor,* 89 B.R. 314, 322 (Bankr. N.D.N.Y.1988) (recognizing court's ability to invoke § 105(a) to prevent abuse of bankruptcy laws, however, finding that debtor's actions did not rise to that level). In addition those courts reason that Chapter 13 is "completely voluntary, and both on constitutional and policy grounds, no one should be compelled to work for her creditors." *Id.* at 767 *citing* H.R.Rep. No. 595, 95th Cong., 1st Sess. 120 (1977).

The Court of Appeals for the Ninth Circuit, without being presented with any facts indicating bad faith or fraud, held that a debtor had "absolute" right to dismiss a Chapter 13 petition. *In re Nash,* 765 F.2d 1410 (9th Cir.1985). In *In re Nash,* the debtors filed the action against the Chapter 13 trustee for wrongfully distributing funds after their Chapter 13 petition had been dismissed by the Bankruptcy Court. *Id.* at 1412. The issue considered by the Ninth Circuit was whether the debtors continued to be bound by the dismissed plan, not whether the court was obligated to dismiss the petition upon the debtor's request. *Id.* at 1413.

Even those courts that recognize an "absolute" right to dismiss, however, also recognize the court's inherent power to "attach strings" to the dismissal if "circumstances

---

1. § 1307(c) provides:
 [O]n request of a party in interest or the United States Trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or

may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, .... 11 U.S.C. § 1307(c) (1998).

indicate fraud, bad faith, or abusive tactics." *Greenberg*, 200 B.R. at 766; *see also In re Graffy*, 216 B.R. 888, 891 (Bkrtcy.M.D.Fla. 1998) (noting debtor's absolute right to dismiss is subject to conditions court may place on dismissal); *Patton*, 209 B.R. at 105–06 (finding that court retains jurisdiction to impose sanctions even after dismissal of voluntary petition); *Harper–Elder*, 184 B.R. at 406–07 (stating after dismissal under § 1307(b) "court retains jurisdiction sufficient to impose any proper sanctions on the debtor for improper behavior"); *Rebeor*, 89 B.R. at 322 (reasoning that court's ability to impose sanctions is sufficient safeguard against abuses). Courts rely on the availability of the conditions and sanctions to support their view that Congress intended § 1307(b) to be mandatory and the right to dismiss absolute. *Greenberg*, 200 B.R. at 768; *Harper–Elder*, 184 B.R. at 407.

The "absolute" right view, however, is not unanimously held. Other courts have held that a debtor's right to dismiss under § 1307(b) is qualified. These courts have held that a debtor has a right to dismiss a Chapter 13 petition, but that a court "may nevertheless convert the case where evidence of debtor's improper conduct or fraud exists." *Greenberg*, 200 B.R. at 767; *see also In re Jacobs*, 43 B.R. 971, 974–75 (Bankr.E.D.N.Y. 1984) (explaining court's inherent "duty to guard against jurisdictional abuse" and misuse of bankruptcy laws); *In re Zarowitz*, 36 B.R. 906, 908 (Bankr.S.D.N.Y.1984) (finding that debtor has absolute right to dismiss unless case was filed "for an improper purpose, in bad faith, or to abuse or misuse the bankruptcy process"). These courts rely on § 105(a) of the Bankruptcy Code and the overall purpose of the Bankruptcy Code to support their view that the debtor's right to dismiss may be *outweighed by the court's duty to protect the process*.

The Court of Appeals for the Eighth Circuit adopted the qualified right to dismiss approach to § 1307(b) and summarized the arguments in support of that view in *In re Molitor*, 76 F.3d 218, 220 (8th Cir.1996). The Eighth Circuit had previously found that a Chapter 12 debtor's seemingly "absolute" right to dismiss a Chapter 12 petition was

limited. *In re Graven*, 936 F.2d 378 (8th Cir.1991); *see also In re Cotton*, 992 F.2d 311, 312–13 (11th Cir.1993) (stating, in dicta, that debtor has right to dismissal under § 1208(b) unless case has already been converted or debtor has engaged in fraud).

Section 1208(b) contains the same mandatory language as § 1307(b) while § 1208(d) contains the same permissive language as § 1307(c). 11 U.S.C. § 1208 (1998). The Eighth Circuit reasoned that the purpose of the Bankruptcy Code is to "protect the honest debtor, not to provide a shield for those who exploit the code's protection then seek to escape judicial authority when their fraudulent schemes are exposed." *Graven*, 936 F.2d at 385. The court went on to find if courts were forced to dismiss under subsection (b), the protections provided to creditors under subsection (d) would be frustrated. *Id.* "Once fraud is found the provisions of section 1208(d) are triggered and the court has the authority, under subsection (d), to dismiss the case or convert it to Chapter 7." *Id.* at 386.

Applying the same reasoning to § 1307(b), the Eighth Circuit concluded that allowing a debtor to respond to a motion to convert under § 1307(d) based upon allegations of fraud, "would render § 1307(c) a dead letter and open up the bankruptcy court to a myriad of potential abuses." *Molitor*, 76 F.3d at 220.

■■■ This Court finds the reasoning of the Eighth Circuit persuasive. The purpose of the Bankruptcy Code is to give the "honest, unfortunate debtor" a "fresh start" not to assist those who intend to misuse the system and perpetuate fraudulent actions. *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Towards that end, Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court

orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (1998). The Court acknowledges that a Chapter 13 petition is voluntary and under normal circumstances the debtor has a significant and meaningful right to dismiss and should be permitted to withdraw the petition at any time before the case is converted. However, this right does not outweigh the obligation of the court to protect the bankruptcy process against fraud and misuse. "It is axiomatic that the provisions of § 1307(b) were not meant or intended to vitiate the court's inherent duty to guard against jurisdictional abuse as well as the misuse and manipulation of the bankruptcy process." *Jacobs*, 43 B.R. at 974. This Court is not persuaded that Congress intended § 1307(b) to limit the court's power to prevent misuse and manipulation of the bankruptcy process.

### C. Issue of Fact: Whether The Record Supports a Finding of Bad Faith or Fraud on The Part of the Debtor

 Judge Swain had the authority to deny debtor's motion to dismiss the Chapter 13 petition if she found that the debtor acted in bad faith or fraudulently. The only issue that remains is whether the record supports a finding of bad faith or fraud on the part of the debtor. A bankruptcy court's determination of bad faith is a question of fact, *United States Fidelity & Guar. Co. v. DJF Realty & Suppliers*, 58 B.R. 1008, 1011 (N.D.N.Y. 1986), and thus reviewable under the clearly erroneous standard. A review of the entire record disclosed that there was sufficient evidence presented to demonstrate that Barbieri acted in bad faith and, therefore, Judge Swain's denial of the motion to dismiss was proper.

A good faith determination "requires a bankruptcy court to 'inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 plan in an inequitable manner.'" *In re Johnson*, 708 F.2d 865, 868 (2d Cir.1983). At the end of the July 22 hearing Judge Swain stated: "the Court finds that there is cause to convert this case rather than permitting withdrawal, dismissing it, or permitting conver-

sion to debtor in possession status under Chapter 11." Hr'g Tr. at 48. Judge Swain found that there had been "incomplete disclosure to the Court, the Chapter 13 trustee, and other creditors suggesting the possibility of bad faith in filing under the Chapter 13, and proposing the sale of property that was before the Court." *Id.* Judge Swain also pointed to Barbieri's failure to "give the court, the trustee, or any creditor notice" of the possibility of a preference or contingency. *Id.* at 49. Judge Swain was also concerned with the lack of disclosure regarding the valuation of shares of a corporation wholly owned by Barbieri. *Id.* at 50. Judge Swain concluded the most appropriate cause of action was to convert the case to Chapter 7 and give a trustee the opportunity to investigate the "debtor's assets and obligations." *Id.* at 50. Based upon the reasons given, this Court does not find by a "definite and firm conclusion that a mistake has been committed."

For the foregoing reasons, the order denying the debtor's motion to dismiss the Chapter 13 petition and converting the file to Chapter 7 is affirmed and the order staying liquidation of debtor's assets is vacated.

The Clerk of the Court is directed to close this case.

SO ORDERED.