In re Enos J. GAUDET, Debtor.

**Bankruptcy No. 8500794.**

United States Bankruptcy Court,
D. Rhode Island.

June 9, 1987.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., for trustee.

Enos J. Gaudet, pro se.

### DECISION DENYING DEBTOR'S MOTION FOR RELIEF FROM JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the trustee's objection to the debtor's "Motion to Void Decision" pursuant to Fed.R.Civ.P. 60(b)(1) and (3).[1] After considering the debtor's most recent pleading, we conclude that the motion raises no new issues, it is completely without merit and frivolous, and is denied.

■ A brief review of the pertinent facts and travel is probably in order, however, to put this matter in the proper perspective, for the convenience of those fortunate to not have the same degree of familiarity with this matter as do we. Debtor filed a bare bones Chapter 13 petition[2] at 8:36 a.m. on December 10, 1985, to stop the foreclosure on his house located at 60–62 Blackstone Boulevard, Providence, Rhode Island. The sale was scheduled to take place at 11:00 a.m. that morning. The petition lacked schedules, a plan, and a list of creditors, which were due within fifteen days under Bankruptcy Rule 1007(c), but none of which were timely filed.[3] On January 13, 1986, the trustee filed a motion to convert the case to one under Chapter 7, and that motion was heard on January 16, 1986. The next day debtor filed a motion to withdraw his bankruptcy petition. The trustee and one creditor objected. Debtor's motion to withdraw was heard on February 11, 1986, and on April 2, 1986, we issued our decision denying the motion to withdraw the petition, and converting the case to Chapter 7. The basis of that decision was that debtor had not acted in good faith, and that to allow withdrawal would permit or condone the debtor's abuse of the bankruptcy process. Lack of good faith only moderately describes the debtor's conduct, considering the nature of his prior Chapter 13 case, BK No. 8200871, which extended over eighteen months, until that petition was dismissed, without a plan being confirmed. Debtor's use of Chapter 13 as a temporary refuge whenever creditors drew too near for comfort, and then attempting to leave the jurisdiction of the Court without fulfilling any of his responsibilities under the Code, was (and continues to be) patently abusive of the system. *See generally In re Gaudet*, 61 B.R. 349, 350 (Bankr.D.R.I.1986) ("[D]ebtor intended to withdraw the petition, once arrangements for the private sale of his real estate were complete. Statements to the contrary by the debtor at the hearing on the instant motions were unconvincing and without substance, and his testimony generally was not credible"). Unhappy with our April 2, 1986, decision, debtor sought review by the District Court. On appeal, the rationale of debtor's argument can be stated succinctly—he thought our decision was wrong. The appeal was dismissed by Chief Judge Boyle on May 29, 1986. Gaudet appealed Judge Boyle's order to the First Circuit, but, upon stipulation, the parties were given leave to withdraw the appeal on August 7, 1986.

■ The debtor filed the instant motion on April 2, 1987, the day before the

---

1. On May 8, 1987, the debtor filed a response to the trustee's objection stating that the trustee's "initial reference to Rule 60(b)(1) is irrelevant. The motion cites Rule 60(a) ... and Rule 60(b)(3) ... as grounds for voidance and dismissal." Either the debtor is deliberately trying to further confuse the issues, or he is contradicting his own motion which clearly seeks relief under Rule 60(b)(1) and (3).

2. The debtor filed only the face sheet, namely, Official Form 1.

3. The debtor's plan and schedules were filed on January 15, 1986, but, due to clerical oversight, were not docketed until May 28, 1986. Debtor persistently and repeatedly seizes upon this as grounds for the relief he seeks, but the contents of the plan and schedules only confirm our earlier conclusion that the filing was not in good faith. Inter alia, the schedules as filed failed to list creditors with claims totaling in excess of $70,000 although Gaudet was fully aware of their existence. Moreover, the plan shows estimated future income exceeding future expenses by $1355 per month, but proposes to pay only $400 monthly "until matters settled, but not more than 5 years." Clearly, this plan would not meet the test of 11 U.S.C. § 1325(b)(1). Once and for all, the fact that the plan and schedules were not properly docketed does not affect the merits of the debtor's argument.

last possible day for a motion under Rule 60(b)(1) and (3). Although purportedly filed under Rule 60(b), debtor's argument is the same as it has always been—that our April 2, 1986, decision was wrong. Debtor simply keeps taking different procedural approaches to repeat arguments previously made, unsuccessfully, and beyond the appeal period.[4] Rule 60(b) is neither a substitute for appeal, nor in this instance a vehicle to relitigate matters previously decided. *See Ackerman v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Elias v. Ford Motor Co.*, 734 F.2d 463 (1st Cir.1984); *Plotkin v. Pacific Telephone and Telegraph Co.*, 688 F.2d 1291 (9th Cir.1982). At the conclusion of the proceedings before Judge Boyle, debtor made a calculated decision not to press his appeal before the First Circuit Court of Appeals. He now, impermissibly, seeks to avoid the consequences of that action through the instant motion.

■ For these, as well as the reasons given in the trustee's memorandum in opposition to the debtor's "Motion to Void Decision," the motion is denied. By this time, sanctions, long overdue, are in order, given this debtor's hyperactivity and groundless litigiousness, Bankruptcy Rule 9011, *see Matter of Newport Harbor Associates*, 589 F.2d 20, 24 (1st Cir.1978), but decision is reserved as to the amount thereof until the conclusion of the case, when the totality of Mr. Gaudet's frivolous behavior can be fully and accurately assessed, after notice and hearing.

---

4. Debtor filed his schedules and plan only after our order to show cause, and the trustee's motion to convert, and two days before his own motion to withdraw. On its face, the plan is not confirmable under § 1325(b)(1). The sworn schedules include material omissions which go to the question of good faith under § 1325(a)(3). *See supra* note 2. The late filed plan and schedules were another attempt to further delay the progress of the case until debtor was ready to withdraw. Contrary to debtor's repeated arguments, it was the debtor's continued and cumulative manipulation of the bankruptcy process for his own advantage, with no regard for the rights of creditors which led to our finding of lack of good faith—not the isolated clerical error which the debtor repeatedly seizes upon.