**In re Enos GAUDET, Debtor.**

**Bankruptcy No. 85–00794.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 2, 1992.

Enos Gaudet, pro se.

John Boyajian, Boyajian, Harrington & Richardson, Providence, R.I., for Trustee.

Office of the United States Trustee, Stephen Woodbury, Boston, Mass.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on December 17, 1991 on the attorney for the Trustee's Interim Fee Application, and the Trustee's request for the imposition of sanctions against the Debtor, Enos Gaudet. The Debtor objects, of course, to both requests. Since the hearing, we have awarded Trustee's counsel $15,103 in fees and expenses, *on account* (on his $39,812.50 application), and reserved decision as to the balance until the disposition of the within motion.

On the issue of sanctions, we agree with and adopt the position taken by the United States Trustee, which states in part:

Given the conduct demonstrated by the Debtor during the pendency of this proceeding, and the resulting expense to the estate, the United States Trustee supports the trustee's request for an award of sanctions against the Debtor individually in an amount commensurate with that portion of counsel's fee request which is found to be directly attributable to the Debtor's conduct. The United States Trustee would suggest that the trustee be directed to identify that portion of the fees and expenses requested which concern action taken due directly to the improper conduct of the Debtor.

Response of United States Trustee at 1 (November 15, 1991). We took the suggestion of the United States Trustee, made such a request of Mr. Boyajian, and he has complied.

We have previously found that Mr. Gaudet's conduct throughout this case calls for the imposition of sanctions. *See In re Gaudet*, 75 B.R. 92, 94 (Bankr.D.R.I.1987) ("sanctions, long overdue, are in order, given this debtor's hyperactivity and ground-

---

**2.** This order applies to *all* lottery winnings still    due the Debtors as they become payable.

less litigiousness"), but postponed setting the amount of any award "until the conclusion of the case, when the totality of Mr. Gaudet's frivolous behavior can be fully and accurately assessed, after notice and hearing." *Id.*

The First Circuit has three times echoed our concern with this Debtor's propensity to litigate. On September 10, 1991, the Court of Appeals declined to order sanctions, but "warn[ed] appellant that we will do so in the future if further frivolous matters are pressed." *In re Gaudet*, No. 90–1328, slip op. at 2 (1st Cir. September 10, 1991). More recently, the Court denied Gaudet's Petition for Rehearing En Banc, saying that

> [t]his petition is frivolous. It is the third request seeking permission to file a petition for rehearing en banc. Our prior order of January 9, 1992 warned that such filings were sanctionable. Our September 10, 1991 order was to the same effect.... The clerk of court is directed not to accept any additional filings in this case from the petitioner.

*In re Gaudet*, No. 90–1329, slip op. at 1 (1st Cir. February 25, 1992).

Ironically, Mr. Gaudet's incessant litigiousness over a period of seven years is the sole reason for all of the legal expense to which he now objects. Nevertheless, his conduct has been, and continues to be obstructionist, unjustified, and clearly sanctionable, and the time for determining the amount of sanctions is now at hand.

Unsecured creditors' claims in this case total $37,488.35. Prior to the interim allowance awarded to Mr. Boyajian, the assets in this 1985 case were $20,596.06. At this point, if the remaining funds are paid to creditors, $5,841.20 would be distributed, for a 16% dividend. The problem with this is that innocent creditors would be subsidizing Mr. Gaudet's frivolous behavior. We

think it more just and equitable to assess the legal time directly associated with Gaudet's self-indulgence (calculated by the Trustee to be 160.1 hours) where it belongs, in accordance with the United States Trustee's recommendation. After a detailed review of the entries submitted, we find that 160 hours is the amount of *unnecessary* legal time generated by Gaudet in these proceedings,[1] and at an average rate of $175/hour,[2] this translates into $28,000.

Accordingly, we ORDER Enos Gaudet to pay the Trustee $28,000 for the legal services attributable to his frivolous litigation during the course of this bankruptcy case.

In accordance with our specific intention not to see creditors financially harmed by Gaudet's conduct, we make the following additional rulings:

1. Of the $39,812.50 requested by the Trustee's counsel, $28,000 is the responsibility of Mr. Gaudet. Therefore $11,812.50 should be paid by the estate for legal services.

2. Because the Trustee has already received $15,103.10, he should reimburse the estate $3,290.50. That sum, added to the $5,841.20 remaining in the Trustee's account, results in a total asset base of $9,131.70 for distribution to creditors. With total claims of $37,488.35, this will produce a dividend of 24%. That, we estimate, is what creditors would have received in this bankruptcy case, absent Gaudet's misconduct.

Enter Judgment consistent with this opinion.

---

**1.** By illustration, the record in Mr. Gaudet's cases in this Court (not including Mrs. Gaudet's Chapter 13 case) consists of approximately 2,600 pages of pleadings, rulings and assorted other documents, most of which fall into the category—*frivolous*. We will not even speculate as to what this translates into vis-a-vis wasted court time.

**2.** Although the Trustee has calculated his legal fee at the constant rate of $175/hour, which obviously includes some services performed in prior years when his rate probably was lower, we do not adjust downward for that, because of the elapsed time and delay in payment factor.