**In re Enos Julian GAUDET, Debtor.**

**Bankruptcy No. 8500794.**

United States Bankruptcy Court,
D. Rhode Island.

April 2, 1986.

Enos J. Gaudet, pro se.

William F. Hague, Jr., Dick & Hague, Ltd., Providence, R.I., for R.I. Hosp. Trust Nat. Bank.

Andrew S. Richardson, Boyajian, Coleman & Harrington, Providence, R.I., for trustee.

### DECISION DENYING DEBTOR'S MOTION TO WITHDRAW HIS CHAPTER 13 PETITION, AND GRANTING TRUSTEE'S MOTION TO CONVERT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on February 11, 1986, on the debtor's motion to withdraw his Chapter 13 petition, and on the trustee's motion to convert the case to Chapter 7.

The debtor filed a Chapter 13 petition on December 10, 1985, the same date on which his property located at 60–62 Blackstone Boulevard, Providence, Rhode Island, was scheduled to be foreclosed. Based on the entire record of the proceedings in this case, and also considering the ludicrous travel of Mr. Gaudet's prior Chapter 13 case, which was dismissed on March 27, 1985 (*see* attached docket entries which are incorporated by reference into this order— *Rovzar v. Chemical Sales and Service Co. (In re Saco Local Development Corp.)*, 30 B.R. 862 (Bankr.D.Me.1983)), we find that the instant petition was filed for the sole purpose of preventing the foreclosure, and that the debtor never intended to pay creditors through a Chapter 13 plan. In fact, no plan was filed and no payments were made.

We also find that prior to and since the inception of this case, the debtor intended to withdraw the petition, once arrangements for the private sale of his real estate were complete. Statements to the contrary by the debtor at the hearing on the instant motions were unconvincing and without substance, and his testimony generally was not credible.

Although 11 U.S.C. § 1307 [1] gives the debtor the right to withdraw a Chapter 13 petition, that right is not absolute. *See In re Jacobs*, 43 B.R. 971 (Bankr.E.D.N.Y. 1984). The debtor's general conduct and demonstrated lack of credibility, which we view as a blatant bad faith attempt to misuse the bankruptcy process, require denial of the motion to withdraw his Chapter 13 petition. *See In re Zarowitz*, 36 B.R. 906 (Bankr.S.D.N.Y.1984); *In re Whitten*, 11 B.R. 333 (Bankr.D.D.C.1981). Mr. Gaudet's failure to propose a plan in good faith, his unreasonable delay, and failure to commence making timely payments, also constitute tangible cause for conversion. *See In re Powers*, 48 B.R. 120 (Bankr.M.D. La.1985) (conversion of Chapter 13 case to Chapter 7 is justified, despite debtor's motion to dismiss, where the debtor acted in bad faith). *See also* 11 U.S.C. § 1325 (requiring a plan to be proposed in good faith).

The debtor has twice sought and obtained the protection of the Bankruptcy Court, but on both occasions has failed to meet his obligations under the Code. To allow withdrawal of the petition would place Mr. Gaudet's creditors, who have received no payments since the filing of this petition, at the whim of a proven untrustworthy debtor. Further, the trustee, who has received an offer to purchase the debtor's real estate for $150,000, represents that a trustee's sale under Chapter 7 will net the estate approximately $5,000 more than the proposed private sale by the debtor for $125,000. *See* Trustee's Letter to the Court, dated February 21, 1986 (copies circulated to all interested parties). Conversion, therefore, rather than dismissal, is in the best interest of creditors.

Accordingly, the debtor's motion to withdraw the Chapter 13 petition is denied, and the case is converted to Chapter 7.[2]

Enter judgment accordingly.

---

1. 11 U.S.C. § 1307 provides:
 (b) On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter ...
 (c) [O]n request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
 (1) unreasonable delay by the debtor that is prejudicial to creditors;
 ....
 (3) failure to file a plan timely under section 1321 of this title;
 (4) failure to commence making timely payments under section 1326 of this title....

2. This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

# APPENDIX

| DIST. NO. | OFF. NO | YR | DOCKET NUMBER | DATE PETITION FILED | REOPENED | CHECK IF APPLICABLE | |
|---|---|---|---|---|---|---|---|
| 0103 | 1 | 82 | 00871 | MO. 10 DAY 15 YR. 82 | R 0 | Joint Petition | |
| | | | | | | Pro Se Petition | |

**NAME OF DEBTOR**

GAUDET ENOS JULIAN DAVID
LAST FIRST MIDDLE

ss# 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

d/b/a Attleboro Travel Bureau
a/k/a Tryboro Travel Attleboro
EI# 05-036-7988

**ADDRESS OF DEBTOR (Number and Street)**

60-62 Blackstone Blvd.

| CHECK PROPER BOXES | | |
|---|---|---|
| | Voluntary | |
| | Involuntary | |
| X | Business | |
| | Non-Business | |

| COMMENCED UNDER | |
|---|---|
| Chap. 7 | |
| Chap. 7-Stockbroker | |
| Chap. 7-Commodity Broker | |
| Chap. 9 | |
| Chap. 11 | |
| Chap. 11-Railroad | |
| X Chap. 13 | |
| Sec. 304 | |

**NAME OF JUDGE**

ARTHUR N. VOTOLATO JR XX

**OBLIGATIONS OF DEBTOR AS SCHEDULED**

| | | |
|---|---|---|
| PRIORITY | $ 0 | 00 |
| SECURED | $ 157800 | 00 |
| UNSECURED | $ 6800 | .00 |
| TOTAL ASSETS OF DEBTOR AS SCHEDULED: | $ 105750 | 00 |
| NO. OF CREDITORS SCHEDULED | 6 | |

| CITY | COUNTY Providence | STATE | ZIP |
|---|---|---|---|
| Providence | CODE 44007 | RI | 02906 |

| JUDGE CODE | A009 |
|---|---|

FILING FEES PAID IN FULL AT THE TIME OF FILING

FEES TO BE PAID IN INSTALLMENTS

| ATTORNEY FOR DEBTOR | Russell D. Raskin, Esq. 203 Waterman St. Providence, RI 02906 | TRUSTEE | John Boyajian, Esq. 182 Waterman St. Providence, RI 02906 |
|---|---|---|---|
| ATTORNEY FOR PETITIONING CREDITORS | | ATTORNEY FOR TRUSTEE | |
| EXAMINER | | OTHER | |

| DATE | BANKRUPTCY CASE RECORD |
|---|---|
| | |

BC 100 (10/79)

UNITED STATES BANKRUPTCY COURT
BANKRUPTCY CASE DOCKET

**352**

| DATE | BANKRUPTCY CASE RECORD (cont.) |
|------|-------------------------------|
| Oct. 15 | Petn; l/c. Plan & Schds forthcoming, gk |
| 18 | C/RIHT vs. Debtor to foreclose. <u>See AP 820449.</u> gk |
| 27 | Schedules and letter to creditors. Copy of plan. ACL |
| 29 | 12 nots mld re §341 Mtg and Confm Hrg schd for 11/15/82 at 9:00 a.m. and 11/30 /82 at 2:00 p.m. respectively. gk |
| **NOV 1 5 1982** | MEETING ~~~. INTERIM TRUSTEE <br> YES ✓ NO____ <br> ...JOURNED:____ OR CONTINUED TO ✓ *debtor did not appear* |
| 11/30 | Conf hrg held. APP: Raskin, Boyajian, Hague. Stms by Boyajian that he cannot recommend conf as debtor did not appear at 341 meeting. Stms by Raskin that debtor did not receive a notice for 341 meeting. Stms by Raskin that debtor hopes to settle problems with RIHT and InBank and withdraw petition. Conf hrg continued to 12/7/82 at 2:30 p.m.-lc |
| 12/7 | Confirmation hearing reschld to 12/28/82 at 2:00 p.m.-lc |
| 12/28 | Conf hrg. APP: Boyajian, Raskin, Scungio, Hague. Stms by Boyajian that he may file motion to dismiss. Stms by Raskin that plan will be 100% and debtor wants to pay creditors through plan. Stms by Boyajian re no 341 meeting. Sec 341 meeting to be reschld and held before <u>January 21</u> at <u>9:00</u> am, which will be cont confirmation hrg and PT on complt of RIHT to Foreclose. |
| 12/29 | 13 nots mld re rescheduled §341 Mtg schd for 1/10/83 at 9:00 a.m. Confm Hrg schd for 1/21/83 at 9:00 a.m. gk |
| 1/20/83 | ✓ <br> per trustee's office, Section 341 Meeting held and adjourned. ACL <br> PT and cont conf hrg. APP: Raskin, Boyajian, Scungio. Stms by Boyajian re no app of debtor at two 341 meetings. Stms by Raskin re debtor didn't receive notice. Stms by Boyajian that debtor has right to dismissal. Stms by Judge that if there are assets, the court doesn't want the case dismissed without 341 meeting. Stms by Boyajian re assets are w/in jurisdiction of court and should be turned over to trustee. Stms by Raskin that he has possession of assets. Stms by Judge re assets to be turned over to Trustee. Matter recessed for debtor to be brought to court and for possible contempt hearing. <br><br> PT held. APP: Raskin, Boyajian, Hague, Scungio. Attys to hold 341 meeting. Meeting begun and continued by agreement of all parties to January 31, 1983, after which time matter will be scheduled for confirmation.-lc |

GAUDET, ENOS JULIAN DAVID BK 8200871
 _____
 LOCKET NUMBER

| DATE | PROCEEDINGS |
| --- | --- |
| April 15 83 | Order entd that debtor shall turn over funds to trustee and shall further pay the trustee the sum of $250.00 per month. ACL |
| 15 | Order confirming plan. |
| April 21 | Petition for Fees submitted by William Hague, on behalf of secured creditor RIHTNB. mam |
| 6/6/83 | 10 nots mld re Hrg on applic of W. Hague for atty fees schd for June 16, 1983 at 2 p.m. mam |
| 6/16/83 | AP820449 closed.-lc |
| 7/19/83 | Petition for Fees GRANTED to William Hague in amt of $900 plus exp of $408.90. mam |
| 9/16 | Motion to file claim out of time by Air Traffic Conference of America. Hrg date set for Oct 18, 1983 at 2:00 p.m. acl |
| 9/19 | Nots mld re motion of Air Traffic Conf. of America to file claim out of time to interested parties. acl |
| 10/18 | Per Hague, he is unavailable for hrg this date. Matter continued to November 11/3/83 at 2:00 p.m.-lc |
| 11/3/83 | HRG re Mot POC Out of Time. APP: Boyajian, Raskin Hague. Stms by Tee that creditor was not listed; he will be filing a motion to dismiss immediately. Stms by Hague that he represented RIHT from the beginning of this case; claim was not referred to him from out of state until August of 1983; creditor was not listed; claim would not be discharged; he felt an obligation to the client to file this motion. Stms by Raskin that he wants proof from testimony that the creditor did not know of bankruptcy. Stms by Raskin that it is equitable power of court to allow claim. Stms by Judge that issue is not equitable power when creditor is left off schedules; questions why creditor wants to be added. Per Judge, parties are to talk and if defense is valid, a hearing will be scheduled,. |
| 11/7 | Trustee's motion to dismiss plan and petition of debtor. Memo in support. Hrg date set for Nov 17, 1983 at 2:00 p.m. Nots mld to all parties. acl |
| 11/17 | HRG re Tee Mot to Dismiss. APP: Richardson, Hague, Raskin, Altman. Stms by Richardson that debtor was to pay $250 per month to Tee; lump sum payment made but no subsequent payments. Stms by Hague, RIHT, joins in motion. Gaudet called and exam by Raskin, cross by Richardson. Tee to provide debtor with disbursement record and amount due. Wage ded to be entered. |

FORM BK 74-E
SEPT. 1962
 UNITED STATES DISTRICT COURT

**BANKRUPTCY DOCKET—CONTINUATION**

**354**

| DATE | PROCEEDINGS |
|------|-------------|
| 1983 | |
| 11/30 | Order entered that the defendant(debtor?) will pay $1500.00 to trustee w/in 30 days of the date of the hrg; that a wage deduction order shall be entered to take effect as of december of 1983. acl |
| 11/30 | Wage order deduction entered. acl |
| 12/12 | Motion of Air Traffic Conference for Relief from Stay. Summons issd setting pretrial for December 27, 1983, at 10:00 a.m.-lc |
| 12/28 | Alias summons issd re above mot for 1/20/84 at 2 p.m. mam |
| 1984 | |
| 1/20 | PT passed re Mot ATC for RFS. APP: Hague, Raskin. Matter settled and OTBE.-lc |
| 1/27 | Orig summons ret'd with p/s re Mot of Air Traffic. mam |
| 1/27 | Order entered granting Mot and vacating stay re mot of Air Traffic Consultants vs deb for RFS. mam (J# 84-34) |
| 2/13 | M/RIHT v. Deb for Relief from Stay. Summons issued setting pt for 3/9/84 at 2:00 p.m.-lc |
| 2/27 | Proof of service re above mot. mam |
| 3/5 | Debtor's Answer and Obj to mot of RIHT for RFS. mam |
| 3/8 | Copy of Letter from Gaudet to W. Hague dated 3/1/84.-lc |
| 3/9 | PT passed re M/RIHT for RFS. Hague to call to reschedule.-lc |
| 3/13 | Pltf RIHT's Interrogs to deft debtor. mam |
| 6/23 | Motion of RIHT to compel debtor to file answers to interrogatories and request for atty fees in the amount of $200.00 for prosecution of this motion. acl |
| 6/31 | Nots mld to int. parties re motion of RIHT Bank to compel debtor to answer interrogatories. Hrg date set for June 14, 1984 at 9:00am |
| 6/14 | HRG re Mot to Compel. APP; Hague, Raskin, Boyajian. Stms by Hague that interrogatories were filed as a result of the debtor claiming the bank was in error in order to clarify matter; have not been answered; this motion had to be filed; requests atty fees. Stms by Raskin that debtor needs another day to file answer. Stms by Judge that motion is granted for 10 days to answer and atty fees allowed.-OTBE.-lc |

ENOS JULIAN DAVID GAUDET BK 8200871
 DOCKET NUMBER

| DATE | PROCEEDINGS |
|---|---|
| 1984 | |
| June 18 | Trustee's motion to dismiss plan and petition. Memo in support. all creditors given 10 days in which to object to motion. acl |
| 6/19 | Order entered: Deb shall file ans to interrogatories w/in 10 days, on or before 6/24/84; Req of RIHTNB for an award of atty's fees is granted and deb shall pay to William Hague the sum of $200.00. mam (J# 84-199) |
| 6/21 | Deb's Answers to Interrogatories by RIHTNB. mam |
| 6/27 | Objection of the debtor to trustee's motion to dismiss. Memo in support. Hrg date set for 7/26/84 at 9:00 a.m. acl |
| 6/29 | Nots mld to int. parties re objection of debtor to trustee's motion to dismiss. acl |
| 7/9 | Request for production filed by RIHT Bank upon debtor to produce documents within the next 30 days. |
| 7/12 | Pltf RIHT's M/Entry of Default or in the alternative, mot to compel more responsive answers to interrogatories req for imposition of atty's fees; mot to adj in contempt. mam |
| 7/26 | HRG re Tee Mot to Dismiss. APP: Boyajian, Raskin. Stms by Tee re no good faith; failure of debtor to make payments in accordance with previous court orders, pressing motion to dismiss. Enos Gaudet exam by Raskin. Matter recessed to conference. OTBE that debtor is to turn over check for $1500 to trustee this date and pay remaining $1000 within one week or motion will be granted.1c |
| 8/23 | Conference held re Mot to Vacate order. APP: Hague, Raskin. Problems with communication; answers to interrogatories to be filed completed in 10 days.-1c |
| 8/23 | Response to Motion to Vacate by RIHT.-1c |
| 8/29 | Order entered re M/RIHT for entry of default, or in alt mot to compel more resp ans to interrogs; req for imp of atty fees, mot to adj/contempt: Mot is granted; deb shall file complete responsive answers to interrogs w/in 10 days, on or before 9/14/84. mam |
| 8/29 | RIHT's Mot to amend its M/RFS. mam |
| 9/4/84 | Deb's Amended Ans to Interrogatories re RIHT. mam |

FORM BK 74-E
SEPT. 1982

UNITED STATES DISTRICT COURT

**BANKRUPTCY DOCKET—CONTINUATION**

| DATE | PROCEEDINGS |
|------|-------------|
| 9/10 | Deb's Obj to M/RIHT to amend and Obj. Hrg schd for 9/20/84 at 9 a.m. Nots mld. mam |
| 9/17 | RIHT's Req for Admissions and Req for Production. mam |
| 9/18 | Interrogatories propounded to RIHT Bank. acl |
| 9/18 | Debtor's request for production upon RIHT Bank to produce documents w/in 10 days. acl |
| 9/20 | HRG passed re Motion to Amend Motion for RFS. APP: Hague, Raskin. Per attys, OTBE granting motion.-lc |
| 9/24 | RIHT's Mot to amend its M/RFS by amending Count II is GRANTED.9/20.mam |
| 10/3 | Trustee's objection to claim No. 1 by Fleet Nat'l Bank. Int. parties notified that they have 10 days to object. acl |
| 10/4 | Order entered: M/RIHTNB to amend its M/RFS is GRANTED; deft shall have ten days to respond, thereto, to wit, on or before 9/30/84. mam |
| 10/10 | Deft debtor's Answer to amended motion. mam |
| 10/9 | Deb's Mot to Compel re RIHT. Hrg schd for 11/1/84 at 9 a.m. Nots mld. mam |
| 10/17 | RIHT's Mot to Compel and Mot for Summary Judgement. mam |
| 10/18 | Nots mld schd hrg for 11/1/84 at 9 a.m. for Deb's M/Compel; RIHT's Mot to Compel and RIHT's M/S/J. mam |
| 10/18 | Order entered allowing trustee's obj to claim No. 1 filed by Fleet National Bank. acl |
| 10/18 | Deb's Answer to Req for Prod and Ans to Req/Admissions. mam |
| 10/29 | RIHT's M/Vacate. Hrg schd 11/1/84 at 9. Parties called. mam |
| 11/1 | HRG re various pending motions. APP: Hague, Raskin. Arguments by both. Motion to vacate granted. All discovery to be done in 10 days. Trial scheduled for November 20, 1984 at 11:00 a.m.; JPTO due 11/19/84.-lc |
| 11/7/84 | Order entered: M/S/J of RIHT is DENIED; M/Compel by RIHT is GRANTED; M/vacate answers to req for adm of RIHT is GRANTED; Deb shall file amended ans w/in 10 days. Deb's M/Compel ans to interrogs is GRANTED: RIHT shall file ans w/in 10 days. All matters are set down for hrg on the merits for 11/20/84 at 11 a.m. JPTO due 11/19/84. mam (J# 84-340) |

FPI MI—4-10-72-75M-7551

GAUDET BK 8200871 PAGE 4

| DATE | PROCEEDINGS |
|------|-------------|
| 11/9 | Deb's More responsive ans to Req for admissions re M/RIHT. mam |
| 11/14 | Subpoena to witness ret'd with certification of service. mam |
| 11/15 | Ans of RIHT to interrogatories of debtor. mam |
| 11/19 | HRG of M/RIHT v. Deb resch to 11/30/84 at 9:00 a.m. JPTO due 11/28/84.-lc |
| 11/28 | Matter rescheduled by agreement of both parties to 12/19/84 at 9:00 a.m.-lc |
| 12/4 | MOt of RIHT Bank to dismiss. Hrg date schd for Dec 19, 1984 at 9:00 a.m. acl |
| 12/18 | Joint Pre Trial Order. mam |
| 12/19 | HRG re M/RIHT to Dismiss and M/RIHT for RFS. APP: Raskin, Hague. Opening statements by Hague. Ronald Tarro called and exam by Hague, cross by Raskin, redirect & recross. Matter recessed to chambers. Exhibits 1-9, full, filed. Matter settled and OTBE.-lc |
| 12/19 | Stipulation filed by Raskin re M/Dismiss scheduled for this date.-lc |
| 1985 1/16 | Judgment entered 1/14/85: deb will pay to Bank the two past-due payments on or before 1/19/85; deb shall resume monthly payments of $250 to tee on 2/19/85 and on the 19th of each succeeding month. Dick & Hague, attys for Bank, shall file a mot for payment of attys fees and exp w/ this court and the court shall determine if it is entitled to atty fees, and if so, in what amount. For further details see judgment. mam (J# 85-24) |
| 1/25 1/25 | Applic for atty fees by W. Hague re AP 820449 in amt of $6565.00 Motion of RIHT Bank to dismiss plan. acl |
| 1/31 | 14 nots mld re motion of RIHT Bank to dismiss giving all parties 10 days to object. |
| 2/20 | Objection of debtor to mot to dismiss. Memo in support. |
| 2/22 | Nts mld on obj of debtor to mot to dismiss. Hrg date set for 3/7/85 at 9:00 a.m. acl |

FORM BK 74-E
SEPT. 1982

UNITED STATES DISTRICT COURT

**BANKRUPTCY DOCKET—CONTINUATION**

**358**

| DATE | PROCEEDINGS |
|---|---|
| 1985 2/25 | HRG re Mot RIHT to Dis resch to 3/21/85 at 9:00 am at request of atty for debtor (holiday). Amended notices.-lc |
| 2/26 | Request for Admissions filed by RIHT Bank to debtor w/10 days after service to answer. acl |
| 3/8 | Motion of Aetna Casualty & Surety Co. to file claim out of time. Memo in support. acl |
| 3/12 | Nots mld on above motion to file claim out of time giving int. parties 10 days to object. acl |
| 3/21 | HRG re Mot of RIHT to Dismiss. APP: Raskin, Richardson Hague. Stms by Hague re history of case; hearing which resulted in consent order; payments made not in compliance with consent order. Stms by Raskin re consent order compliance. Stms by Judge re did debtor feel words 'past due' were not in consent order. Response by Raskin. Stms by Tee re no payments since 8/84 and payment prior to that was 2/84. Stms by Raskin re conditional dismissal pending receipt of checks from fire insurance claim. Stms by Judge that order will be presented and signed Monday, 3/25/85. OTBE.-lc |
| 3/27 | Order entered allowing motion of Aetna Casualty and Surety Co to file claim out of time to be filed w/in 60 days. acl |
| 3/27 | Order entered dismissing debtors' plan and petition. acl |
| 4/11 | 10 nots mld re hrg on appl for atty fees by W. Hague for 4/25/85 at 9 a.m., obj date of 4/22/85. mam |
| 4/24 | Atty fees GRANTED in the amt of $6000 to William Hague re AP 820449. mam |
| 4/24 | Final account under chapt 13 filed. cp |
| 5/22 | Final account under chapt 13 approved. cp |
| 5/22 | Case closed. cp |

| DIST NO | OFF. NO | YR. | DOCKET NUMBER | DATE PETITION FILED | REOPENED | ▼ CHECK IF APPLICABLE |
|---|---|---|---|---|---|---|
| 0103 | 1 | 85 | 00794 | MO 12 DY 10 YR. 85 | R 0 | Joint Petition |

**NAME OF DEBTOR**

| GAUDET | ENOS | JULIAN | | CHECK PROPER BOXES | OBLIGATIONS OF DEBTOR AS SCHEDULED |
|---|---|---|---|---|---|
| LAST | FIRST | MIDDLE | X | Voluntary | |

S.S.# 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

CHECK PROPER BOXES:
- X Voluntary
- Involuntary
- Business
- Non-Business

COMMENCED UNDER:
- Chap.7
- Chap 7 - Stockbroker
- Chap 7 - Commodity Broker
- Chap 9
- Chap. 11
- Chap. 11 - Railroad
- X Chap. 13
- Sec 304

OBLIGATIONS OF DEBTOR AS SCHEDULED

PRIORITY $ 00

SECURED $ .00

UNSECURED $ 00

TOTAL ASSETS OF DEBTOR AS SCHEDULED: $ .00

NO. OF CREDITORS SCHEDULED:

**ADDRESS OF DEBTOR (Number and Street)**

60 Blackstone Boulevard

NAME OF JUDGE: Arthur N. Votolato Jr xx

FILING FEES PAID IN FULL AT THE TIME OF FILING

| CITY | COUNTY | STATE | ZIP | JUDGE CODE | FEES TO BE PAID IN INSTALLMENTS |
|---|---|---|---|---|---|
| Providence | Providence | RI | 02906 | A009 | |
| | CODE 44007 | | | | |

**ATTORNEY FOR DEBTOR**
~~See below~~
Pro Se
272-3361

**TRUSTEE**
John Boyajian, Esq.
182 Waterman Street
Providence, RI 02906

**ATTORNEY FOR PETITIONING CREDITORS**

**ATTORNEY FOR TRUSTEE**

**EXAMINER**

**OTHER**
APPRAISER: Peter Hurley
1311 Turks Head Place
Prov RI 02903

**BANKRUPTCY CASE RECORD**

| DATE | DOCUMENT NUMBER | |
|---|---|---|
| | | Converted to CH 7 on 4/2/86 |
| 5/5/86 | ~~For Debtor~~ w/Indian~ | ~~Richard Boriskin, Esq. 72 S. Main St., Providence, R.I.~~ 02903 |
| 5/5/86 | For June Gaudet | Sheldon Scoliard, Esq., 145 Wayland Avenue, Providence, RI 02906 |

BC 100 (Rev 11/82)

UNITED STATES BANKRUPTCY COURT
**BANKRUPTCY CASE DOCKET**

| DATE | DOCUMENT NUMBER | BANKRUPTCY CASE RECORD (cont.) |
|------|-----------------|-------------------------------|
| 12/10 '85 | | Petn & Matrix filed. All schds, Plan, L/C w/cert of mlg due 12/26/85. gk |
| 12/12/85 | | // nots mld re §341 Mtg schd for 01/06/86 at 9:00 a.m. Confm Hrg schd for 01/16/86 at 10:00 a.m. gk |
| 26 | | D's mot to ext time for schds to 1/3/86; per t/ee, will obj. acl |
| 1986 1/7 | | Debtor & t/ee notified by phone re OTSC schd for 1/9/86 at 9:00 a.m. for debtor's failure to file scheds. Per debtor, mot for 2nd ext will be filed. If filed, hrg will be schd for 1/9/86 at 9:00 a.m. -gk Notices mailed. gk |
| 1/7/86 | | Debtor's motion for extension of time to file plan. 2nd request. acl |
| 1.9 | | HRG on M/Extension. APP: Gaudet, Boyajian, Richardson. Stms by Gaudet that purchaser of r.e. requested continuance and debtor does not know at this time amount of all debts. Stms by Tee obj because debtor filed to prevent foreclosure; wants protection of stay until sale completed and then plans to w/draw case; Tee has higher offer for r.e. without broker fee. Tee plans to file M/Convert. All matters scheduled for 1/16/86 at 10:00 a.m.-lc |
| Jan 13 | | Trustee's Motion to convert case to a Chapter 7 bankruptcy. Memo. Nots mld to all creds giving hrg date of 1/16/86 at 10:00 a.m. acl |
| 1/16 | | HRG on M/Convert; Extension of Time. APP: Hague, Gaudet, Richardson. Enos Gaudet called and exam by Richardson, Hague. Arguments by Richardson, Gaudet. Issues of feasibility; issue of selling r.e. in Ch 13 or Ch 7; protection of automatic stay. Tee to file Petn to sell and M/convert u/a.-lc |
| Jan 17 | | Debtor's motion to withdraw petition. Memo. |
| Jan 27 | | Objection of Trustee to debtors motion to withdraw petition. Memo. |
| 28 | | Nots mld to all creds of debtors motion to w/draw and trustees objection to w/drawal for hrg on 2/11/86 at 9:00 a.m. acl |
| 2/7 | | Conditional Objection filed by RIHTNB re Deb's M/Withdraw petition. On for hrg 2/11/86 at 9 a.m. mam |
| 2/10 | | Copy of letter from R. Plaskett, pres of La Petite France, re 2nd mortgage, value of lien in excess of $15,000, and no payments have been made on the note. mam |

BK8500794 Page 2

| DATE | BANKRUPTCY CASE RECORD |
|------|------------------------|
| 2/11 | HRG on Deb's M/Withdraw & Objs. APP: Gaudet, pro se, Hague, Richardson. Arguments by Gaudet in support of motion. Stms by Hague re no obj to withdrawal if atty fees and expenses are paid. Arguments by Tee in opposition to M/Withdraw re bad faith; abuse of automatic stay. Stms by Judge re status of creditors in Ch 13 or 7. Response by all re encumbrances. Parties recess to determine encumbrances. Reconvene, confusion over.voidable encumbrances and issue of claim re Kirshenbaum. Stms by Judge that matter will be u/a as it stands and if parties have any further info re encumbrances, no decision will be entered for one week. Matter u/a.-1c |
| 2/7 | Petition for fees submitted by William Hague, atty for RIHTNB, in the amt of $4233.46. mam |
| 2/24 | Letter to court from Richardson, Tee re matter u/a.-1c |
| 2/25 | Letter to court from Hague re matter u/a.-1c |
| 3/6 | Letter from debtor to Bankruptcy Judge re case. acl |
| 3/10 | Certification of service re letter to Judge. mam |
| 3/27 | Letter from debtor to Judge re case/status, mam |
| 4/2 | Decision entered denying Deb's M/Withdraw his CH 13 petition; and granting Tee's M/Convert; judgment entered. mam |
| 4/9 | Tee's Notice of intended sale; obj date of May 2, 1986 at 5 p.m. mam |
| 4/11 | 13 nots mld re Notice of sale of real estate located at 60 Blackstone Blvd, Providence, RI, to Cynthia Simmons for $150,000.00. acl |
| 4/22 | Nots mld to all creds re conversion to CHAPTER 7, mam |
| 4/29 | 21 asset nots mld re §341 after conversion schd for 5/19/86 at 9:00 a.m. Objs to disch due 7/18/86. gk |
| 4/30 | Subpoena to witness issd to Enos Gaudet re May 5, 1986. mam |
| 4/29 | Hrg schd for May 5, 1986 at 10 a.m. re T/Not of Intended Sale. Nots mld. gk |
| 4/30 | Obj of David Yavner to Tee's Not of intended sale. mam |
| 5/1 | Debtor's Notice of Appeal from April 2, 1986 order Memo. $5 fee paid. mam Nots mld to parties re filing of appeal.5/2. |
| 5/2 | Letter from George Lewis. mam |

BC 100E UNITED STATES BANKRUPTCY COURT

**BANKRUPTCY CASE DOCKET — CONTINUATION**

