**In re Emerson H. ELLIOTT, Debtor.**

**Bankruptcy No. 87–431–BKC–6P7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 4, 1987.

S. Thomas Padgett, Tampa, Fla., for Bud Antle, Inc.

Raymond Rotella, Orlando, Fla., for debtor.

William Lawless, Orlando, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This cause was tried before the Court on August 3, 1987, on a creditor's objection to Debtor's claim of exemptions. After hearing the arguments of counsel and reviewing the supporting evidence, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The Debtor, was until mid–1985 a sole proprietor engaged in the business of buying and selling agricultural commodities as a produce broker.

2. In September of 1983, Debtor and his non-filing spouse, as tenants by the entirety, purchased certain real property located in Seminole County, Florida, which was encumbered with a mortgage for $162,000. The real property has remained their homestead at all times material to this decision.

3. Between May 22, 1984, and September 14, 1984, Debtor purchased several large quantities of lettuce on open account from Bud Antle, Inc. (hereinafter known as "Antle"). The history of the credit sales are more fully set forth in the account ledger (Debtor's Exhibit 1). Debtor paid Antle the approximate sum of $15,500 on the account, leaving a balance due of $49,-167.05.

4. On September 20, 1984, the Debtor deposited $162,412 in his account. This money was derived from sales of produce not connected with Antle.

5. On September 21, 1984, Debtor withdrew $162,000 from the account and paid off the mortgage on his house. See Antle's Exhibits 2 and 3.

6. While Antle accuses the Debtor of stockpiling the monies he received to accummulate $162,412, the bank statement for the month shows that it was not uncommon for the Debtor to make large deposits. For instance, $27,149 was deposited ten days before the $162,412 deposit, $38,-571.24 one day before, $53,371 four days later, and $27,033 three days thereafter. Debtor continued in business for another nine months until he lost his license to broker produce.

7. At the time Debtor withdrew the money and paid off the mortgage, he had a large amount of accounts receivable. However, he later encountered difficulties in collecting many receivables even though he pursued them to judgment. Debtor testified that he was solvent at the time of the payment of his mortgage.

8. When Debtor defaulted on the account, Antle filed a suit on October 16, 1984, with the Department of Agriculture under the Produce Agricultural Commodity Act, hereinafter known as "PACA." Antle did not allege fraud in that complaint. Judgment was rendered in favor of Antle.

9. The judgment was not paid, and the Department of Agriculture revoked the broker's license sometime in mid–1985.

10. Debtor claimed his home as exempt under Article X, Section 4, of the Florida Constitution and has at all times maintained this as his principal place of residence with his wife.

## CONCLUSIONS OF LAW

1. The issue is not whether Debtor is entitled to claim this particular property as his homestead under Article X, Section 4, of the Florida Constitution. Rather, the matter before this Court is whether the Debtor should be denied this exemption under 11 U.S.C. § 522 to the extent he used business assets to pay off the mortgage on his home.

2. It is generally recognized that a Debtor is entitled to convert non-exempt property into exempt property up until the filing of the bankruptcy petition. It is further recognized that this practice is not fraudulent per se. *See In re Ford,* 3 B.R. 559 (Bkrptcy.D.Md.1980). However, when the conversion is intended to defeat the interests of creditors, such exemptions may be denied to the extent of any fraudulent conduct.

3. In order to prevail in this objection, Antle must prove that the conversion of business assets into exempt assets was undertaken with the intent to hinder, delay, or defraud creditors. Antle has argued that the delay in depositing the funds derived from the sale of produce, the immediate withdrawal of funds after depositing the checks, the procurement of a cashier's check from the proceeds, and the conversion of non-exempt business assets to exempt personal assets, all done at a time when the debtor was insolvent, establishes the necessary intent to deny this Debtor the full extent of his homestead exemption.

However, this Court finds that the evidence presented by Antle is insufficient to establish a fraudulent intent in regards to this transfer. As noted, it is not fraudulent per se for a debtor to convert non-exempt property to exempt property prior to the filing of the petition. Additionally, there was no evidence that the satisfaction of the mortgage was done in secrecy or otherwise concealed by the Debtor.

4. The most important factor is that the transfer occurred some two and one-half years before the bankruptcy rather than on the "eve of bankruptcy" as was the case in this Court's decision of *In re Collins,* 19 B.R. 874 (Bkrptcy.M.D.Fla.1982).

5. Antle has failed to establish that the Debtor was insolvent when the transfer occurred. While Antle has shown that the Debtor's credibility is questionable, this Court choses to accept the Debtor's testimony that he believed he was solvent when the transfer occurred. Indeed, the Debtor's own schedules indicate that he had accounts receivable in the amount of $750,000 and unsecured debts of $582,000 when the petition was filed.

6. Other factors weighing in favor of the debtor is the fact that he remained in business some nine months after the transfer and continued to make deposits and withdrawals in the account. It was not until he lost his broker's license that he ceased his business operation.

7. Based upon the foregoing, Antle's objection to exemption will be denied. This decision is without prejudice to Antle's adversary proceeding objecting to discharge of debtor based upon fraudulent transfers.

A separate order overruling Antle's objection to Debtor's exemptions will be entered.