**In re Modesty June GAUDET Debtor.**

**Bankruptcy No. 8700638.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 13, 1989.

Richard D. Boriskin, Markoff and Boriskin, Providence, R.I., for debtor.

Neill B. Lyon, Kirshenbaum Law Associates, Warwick, R.I., for Kirshenbaum Inv. Co., Inc.

Joseph Szabo, Boston, Mass., Trustee.

John Gyorgy, Adler Pollock & Sheehan, Providence, R.I., for Greater Providence Deposit Corp.

## DECISION

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on August 16, 1988, on conflicting motions: (1) the motion of the debtor, Modesty J. Gaudet, for voluntary dismissal of her Chapter 13 case, and the objection of Kirshenbaum Investment Company (hereinafter "Kirshenbaum"), and (2) Kirshenbaum's motion to convert debtor's Chapter 13 case to one under Chapter 7, and debtor's objection thereto.

In support of her motion, but at the same time greatly oversimplifying things, Mrs. Gaudet argues that "there being no further matters before the Court," she has an absolute right to a dismissal.

Kirshenbaum, who holds a note, with recourse, endorsed by the debtor, objects to Mrs. Gaudet's request for a dismissal, based upon her exhibited bad faith in utilizing the bankruptcy system, and specifically, for her failure to settle or otherwise make arrangement for payment of his claim in her Chapter 13 plan.

Mrs. Gaudet, like her husband previously, *see In re Gaudet*, 61 B.R. 349 (Bankr.D. R.I.1986), filed her Chapter 13 petition solely for the purpose of invoking the Bankruptcy Code's automatic stay provision in order to prevent the foreclosure sale of the family residence, which she owns jointly with her husband, Enos Gaudet, and which was the subject of dispute in all of his litigation before this Court over a six year period. The petition was filed on the day scheduled for the foreclosure sale, September 16, 1987. Only two creditors were listed on debtor's schedules, Greater Providence Deposit Corp. (holding two mortgages on debtor's property) and Kirshenbaum Investment Co. Mrs. Gaudet filed her Chapter 13 plan on October 1, 1987, which plan did not provide for payment or settlement of Kirshenbaum's claim. Kirshenbaum seeks conversion of the debtor's case to one under Chapter 7, in order to preserve this Court's jurisdiction and enable us to hear and decide its disputed claim.

11 U.S.C. § 1307(b) provides that "[o]n request of the debtor at any time, if the

case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." This seemingly mandatory language is somewhat watered-down however, where "the debtor has filed the case for an improper purpose, in bad faith, or to abuse or misuse the bankruptcy process." *In re Powers,* 48 B.R. 120, 121 (Bankr.M.D.La. 1985); *In re Zarowitz,* 36 B.R. 906, 907 (Bankr.S.D.N.Y.1984). This limitation is intended to preserve the court's inherent duty to guard against jurisdictional abuse and manipulation of the bankruptcy process, as well as maintaining the spirit and purpose of Chapter 13. *In re Jacobs,* 43 B.R. 971, 11 C.B.C.2d 905, 908 (Bankr.E.D. N.Y.1984).

Where the primary purpose of the debtor's filing is to invoke the automatic stay provisions of § 362 in order to avoid a foreclosure sale, without any intention of realistically effectuating a Chapter 13 plan (especially where the proposed plan does not even address all claims), bad faith is shown. *In re Whitten,* 11 B.R. 333, 338 (Bankr.D.D.C.1981); *In re Gaudet,* 61 B.R. 349 (Bankr.D.R.I.1986). In the circumstances of this case, and because of the debtor's misuse of the bankruptcy process, she is not entitled to the protection of § 1307(b), particularly in the face of a conflicting § 1307(c) motion to convert. *In re Tatsis,* 72 B.R. 908, 910 (Bankr.W.D.N.C. 1987). Accordingly, it is ORDERED that the debtor's Motion to Dismiss is DENIED, and the case is converted to Chapter 7.

Enter Judgment accordingly.