**In re Enos GAUDET, Debtor.**

**Bankruptcy No. 85–00794.**

United States Bankruptcy Court,
D. Rhode Island.

Dec. 18, 1989.

Enos Gaudet, Providence, R.I., pro se.

John Boyajian, trustee, Boyajian, Harrington & Richardson, Providence, R.I.

Bernard P. Healy, Healy & Jones, Providence, R.I., for Aetna Cas. and Sur. Co.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on October 26, 1989 on the Trustee's Petition for Instructions concerning whether he should pay to the debtor, Enos Gaudet, his recently claimed exemptions. The long history of this bankruptcy case has been costly and frustrating, mostly on account of the debtor's hyper-active pursuit of meritless litigation. *See, e.g., In re Gaudet,* 61 B.R. 349 (Bankr.D.R.I.1986); *In re Gaudet,* 75 B.R. 92 (Bankr. D.R.I. 1987). On December 10, 1985, Gaudet filed a Chapter 13 petition with this Court. This was his second Chapter 13 filing, the first occurring on October 15, 1982, which after years of litigation was finally dismissed on March 27, 1985. Subsequently, the debtor moved to withdraw his second Chapter 13 case, which motion was considered together with the Trustee's motion to convert the case to one under Chapter 7. On April 2, 1986, we granted the Trustee's motion and ordered conversion of the instant case. *See In re Gaudet,* 61 B.R. 349. On December 10, 1986, Gaudet filed an Emergency Petition to Instruct the Trustee, which, in connection with other matters concerning funds to be disbursed to Gaudet and his non-debtor wife from the sale of their property, alleged that "[t]he debtor is entitled to his $7500 exemption and his $400 wild card exemption before any other payouts." (Debtor's Memorandum in Support of the Petition to Instruct the Trustee, December 10, 1986). This request was made in response to a letter dated August 19, 1986 from the Trustee to the debtor, which recited that

[u]sing the above figures, we would propose to return approximately $45,000 to your wife within seven days after the closing assuming no unforeseen circumstances. In addition, we would forward to you $7,900 representing your exemp-

tion in the real estate, and this would also be done within seven days.

Letter from Trustee to Enos Gaudet, August 19, 1986, p. 2. At the December 23, 1986, hearing on the debtor's emergency motion, the Trustee pointed out that the debtor had neither filed Chapter 7 Schedules, nor claimed any exemptions, and that because the debtor's entitlement to exemption is not automatic, the Trustee should not be authorized to pay Gaudet his exemption. We entered an Order on January 15, 1987 denying the debtor's Emergency Motion to Instruct, and ordered Gaudet to file Chapter 7 schedules within seven days, on or before January 22, 1987.[1] This order was appealed, ultimately to the First Circuit Court of Appeals, which rendered its decision on December 8, 1988, ruling that "[w]e agree with appellee [the Trustee] that, at least technically, in the absence of an adequate schedule, it was not error not to pay Gaudet the federal exemption. On remand, Gaudet holds the key. We trust that the Trustee will not seek to bury his (the Trustee's) letter." More than eight months later, on August 15, 1989, Gaudet finally amended his schedules in compliance with our January 15, 1987 order.

Although the Trustee does not formally object to the debtor's claim of exemption, he did recite to the Court the background of this case, including the eighteen appeals filed by Gaudet, all of which have been denied, and which he characterizes as "frivolous and a waste of time and money."[2] The Aetna Casualty and Surety Company ("Aetna") does object to the debtor's receiving any exemption, and argues that, in addition to not receiving notice of the amended claim of exemption, this case, unlike almost any other, warrants the denial of exemptions because of the debtor's unjustified depletion of estate assets caused by his frivolous prosecution of meritless appeals. Aetna also argues that creditors and the Trustee are the real victims of the debtor's actions, and that equity demands that the debtor should bear a portion of the

diminution of assets for which he alone is responsible.

Bankruptcy Rule 1009 provides in relevant part that "[a] voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 statement may be amended by the debtor as a matter of course at any time before the case is closed." This rule has been interpreted as giving the courts no discretion to deny leave to amend a claim of exemption, except upon a showing of the debtor's bad faith or prejudice to creditors. *Doan v. Hudgins (In Matter of Doan)*, 672 F.2d 831, 833 (11th Cir.1982); *Stinson v. Williamson (Matter of Williamson)*, 804 F.2d 1355, 1358 (5th Cir.1986); *United Bank of Michigan v. Falconer (In re Falconer)*, 79 B.R. 283, 288 (W.D.Mich.1987). In determining whether creditors will be prejudiced if the debtor is allowed to amend a claimed exemption, the focus is on whether creditors detrimentally relied upon the debtor's original claim of exemptions. *Hardage v. Herring Nat'l. Bank*, 837 F.2d 1319, 1324 (5th Cir.1988); *Matter of Williamson, supra*, at 1358.

█ In the instant matter, Gaudet is actually claiming his exemptions for the first time in this Chapter 7 case, and is not before the Court seeking to amend a prior claimed exemption. This logic, in the circumstances, seems hyper-technical, and this Court is most uncomfortable with the result thereof. Nevertheless, we are able to find no (legal) prejudice to, or detrimental reliance by the creditors or the Trustee, especially considering the Trustee's acknowledgment in his August 19, 1986 letter that the debtor at that time was entitled to his real estate exemption. Therefore such a claim by the debtor at this time comes as no surprise. Moreover, although we agree with the Trustee and Aetna that the debtor has caused estate assets to be depleted by appealing practically every Bankruptcy Court order, we cannot say that such conduct constitutes bad faith of a magnitude

---

1. Our January 15, 1987 bench order was entered on the docket on February 2, 1987.

2. Apparently, there is still one appeal pending in the District Court, although the Trustee represented that briefs have not yet been filed in that matter.

sufficient to deny the debtor his statutory exemptions. This Court is bound by the principle that "exemption statutes are to be construed liberally in favor of the debtor." *In re Falconer, supra,* at 291.

 Although we view it as both significant and in disregard of our January 15, 1986 order that Gaudet has waited eight months to finally file his Chapter 7 schedules and claim his exemptions, we again are unable to find that such conduct amounts to the type of bad faith to justify denying him his exemptions. Finally, we are cognizant of the First Circuit Court of Appeals' reminder that the Trustee should not "seek to bury his letter," and conclude, therefore, that, absent a clear showing of bad faith or prejudice, we have no discretion to deny Mr. Gaudet his right to said exemptions.

Accordingly, but reluctantly, the Trustee is instructed to pay Mr. Gaudet the exemptions to which he is entitled.