**In re Francis H. BEAHM and Olivia S. Beahm, Debtors.**

**Soneet R. KAPILA, Trustee, Appellant,**

**v.**

**Francis H. BEAHM and Olivia S. Beahm, Appellees.**

**No. 94–8277–CIV.**

**Bankruptcy No. 93–33451–BKC–SHF.**

United States District Court, S.D. Florida.

Feb. 24, 1995.

Leslie Scott Osborne, Furr and Cohen, P.A., Boca Raton, FL, for appellant.

James A. Conway, Conway & Ashton, P.A., Stuart, FL, for appellees.

### FINAL ORDER REVERSING BANKRUPTCY COURT'S ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION, DATED FEBRUARY 24, 1994, AND REMANDING CASE TO BANKRUPTCY COURT WITH INSTRUCTIONS, AND AFFIRMING BANKRUPTCY COURT'S ORDER DENYING MOTION FOR REHEARING AND/OR TO ALTER OR AMEND THE JUDGMENT, DATED MARCH 9, 1994

ARONOVITZ, District Judge.

BEFORE THIS COURT is an appeal from the (1) Bankruptcy Court's Order Overruling Trustee's Objection to Exemption, dated February 24, 1994, and (2) Bankruptcy Court's Order Denying Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994.

The Court heard oral argument on the appeal on December 8, 1994, and has carefully considered all briefs submitted on appeal, oral argument of counsel, the entire record, applicable law and is otherwise fully advised in the premises. For the following reasons, it is **ORDERED AND ADJUDGED** that:

1. Bankruptcy Court's Order Overruling Trustee's Objection to Exemption, dated February 24, 1994, is hereby **REVERSED AND REMANDED with Instructions to Determine the Applicability of Florida Statutes § 726.105 and § 726.108. If the Bankruptcy Court finds these statutes applicable, then the Court is instructed to determine and/or hold an evidentiary hearing as to whether the Debtors intended to hinder, delay or defraud any creditor of the Debtors when the Annuity was established.**

2. Bankruptcy Court's Order Denying Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994, is hereby **AFFIRMED in its entirety.**

### Factual and Procedural Background

On September 16, 1993, Francis H. Beahm and Olivia S. Beahm ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On Schedule C, Debtors claimed exempt a $30,000 Annuity ("Annuity") which they received from State Farm Insurance Company as part of a $59,000 settlement on an auto insurance claim.[1] The Annuity was claimed exempt pursuant to Florida Statute 222.14.[2] The settlement between State Farm and Debtors was reached on July 22, 1993.

---

1. Under the terms of the $59,000 settlement, $19,664.70 went to pay Debtors' attorney, $800 went to the mediator, $8,535.30 went directly to Debtors, and $30,000 was placed into an Annuity with the proceeds payable to Debtors.

2. Florida Statute 222.14 provides in pertinent part:

The cash surrender values of ... the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any ... creditor of

Soneet R. Kapila, ("Trustee") filed an objection to Debtors' claimed exemption. Trustee alleged that the purpose of the settlement was to resolve a claim which would otherwise have belonged to Trustee and to place it in a form which would be exempt from any claims of creditors. Trustee further alleged that such action constituted a fraudulent transfer under both the Bankruptcy Code and Chapter 726 of the Florida Statutes mandating denial of Debtors' claimed exemption.

### Bankruptcy Court's Rulings

On February 23, 1994, United States Bankruptcy Judge Steven H. Friedman held a hearing on Trustee's objection, and entered an Order Overruling Trustee's Objection to Exemption on February 24, 1994. In this Order, the Bankruptcy Court relied on its own ruling in *In re Davidson,* 164 B.R. 782 (Bankr.S.D.Fla.1994) (entered that same day) which considered a similar objection to a claimed exemption.[3] The Bankruptcy Court concluded that it did not have authority under 11 U.S.C. § 522 of the Bankruptcy Code or Florida law to deny Debtor's exemption.

In particular, the Bankruptcy Court stated:

> In *Davidson,* this Court ruled that Florida law is determinative of whether property is exempt. Section 522 of the Bankruptcy Code does not allow a court to deny an exemption on the basis that the property was converted from a non-exempt asset to an exempt asset with the intent to hinder, delay or defraud a creditor. Instead, the proper course of a action is either an objection to discharge or an action to avoid the transfer.
>
> As in *Davidson,* at the time of the establishment of the annuity in this case, there was no Florida law providing for the forfeiture of a debtor's right to an exemption as a consequence for fraudulent conduct. As was noted in *Davidson,* effective October 1, 1993, Florida Statute Section 222.30 pro-

vides that any conversion of non-exempt assets to exempt assets is a fraudulent asset conversion. However, this statute applies only to conversions occurring on or after October 1, 1993.

*See, Bankruptcy Court's Order,* at 2.

In other words, the Bankruptcy Court concluded that Trustee filed its objection under the wrong statute (i.e. Section 522), and Florida law did not, at the time the settlement proceeds were placed into the exempt Annuity, preclude the establishment of such Annuity. From the language above, the Court suggests that Trustee should have filed its objection to Debtors' claimed exemption under 11 U.S.C. § 727 (governing a denial of discharge) or under § 11 U.S.C. § 548 (governing an action to avoid the transfer).

Trustee thereafter filed a Motion for Rehearing and/or to Alter or Amend the Judgment. On March 9, 1994, the Bankruptcy Court Denied Trustee's Motion for Rehearing and/or to Alter or Amend the Judgment. Trustee appeals both Orders to this Court.

### Standard of Review

■ In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.,* 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.,* 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach,* 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to *de novo* review. *In re Chase & Sanborn Corp.,* 904 F.2d at 593; *In re Sublett,* 895 F.2d 1381 (11th Cir.1990).

While the Bankruptcy Court's factual findings are subject to a clearly erroneous standard, that standard does not apply when determining the propriety of the Bankruptcy

---

the person who is the beneficiary of such annuity contract, unless the ... annuity contract was effected for the benefit of such creditor.

**3.** Judge Friedman's ruling in *In re Davidson* was appealed to this Court and this Court by separate

opinion affirmed in part and reversed and remanded in part with instructions Judge Friedman's ruling in Case Nos. 94–8178–CIV–ARONOVITZ and 94–8201–CIV–ARONOVITZ.

Judge's conclusions of law, (i.e.) determination of what law applies or determination of the ultimate legal conclusions resulting from the application of the law to the facts. Legal conclusions made by the Bankruptcy Judge may not be approved by the District Court without an independent determination. *In re Columbia Data Products, Inc.*, 99 B.R. 682, 684 (D.Md.1989), *affirmed*, 892 F.2d 26 (4th Cir.1989); *citing, In re Hunter Sav. Ass'n.*, 34 B.R. 368, 374 (Bankr.S.D.Ohio 1983), *reversed on other grounds*, 750 F.2d 536 (6th Cir.1984); *In re Hollock*, 1 B.R. 212, 215 (Bankr.M.D.Pa.1979). This Court has applied the appropriate standard of review to the issues presented in this case.

### Appellant Trustee's Arguments on Appeal

Trustee states that the issue before this Court is one of law, that is, whether the Bankruptcy Court has authority to deny Debtors' exemptions where such property claimed exempt is fraudulently procured.

Trustee argues that the Bankruptcy Court erred by failing to make any findings as to whether or not Debtors committed fraud. Trustee asserts that Bankruptcy Rules 7052 and 9014 make applicable Fed.R.Civ.P. 52(a) which provides:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately in its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58.

Although the Bankruptcy Court held a three hour trial, Trustee argues that the Court made no findings with regard to the issue of fraud. Accordingly, Trustee contends that the Bankruptcy Court failed to comply with its burden under Bankruptcy Rules 7052 and 9014 and this Court should therefore vacate the judgment entered and remand the action to the Bankruptcy Court to make appropriate findings. *Citing, Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *In re Chaiffetz v. Robertson Research Holding Ltd.*, 798 F.2d 731 (5th Cir.1986); *Ratliff v. Governor's Highway Safety Program*, 791 F.2d 394 (5th Cir.1986); and *Ionmar Compa-*

*nia Naviera, S.A. v. Olin Corp.*, 666 F.2d 897 (5th Cir.1982).

Trustee contests the Bankruptcy Court's holding that:

> Section 522 of the Bankruptcy Code does not allow a court to deny an exemption on the basis that the property was converted from a non-exempt asset to an exempt asset with the intent to hinder, delay or defraud a creditor.

*See, Bankruptcy Court's Order*, at 2.

Trustee argues that where conversion is intended to defeat the interests of creditors, such exemptions may be denied to the extent of any fraudulent conduct. *Citing, In re Elliot*, 79 B.R. 944 (Bankr.M.D.Fla.1987).

The Bankruptcy Court held that at the time of the establishment of the Annuity, there was no applicable Florida law which provided for the forfeiture of Debtors' right to an exemption due to fraudulent conduct. Trustee, however, argues that Florida Statute 222.30 (enacted after the establishment of the Annuity) is a codification of the overwhelming number of cases holding that a Debtors' exemption may be denied for fraudulent conduct. *Citing, In re Acquafredda*, 26 B.R. 909 (Bankr.M.D.Fla.1983); *In re Flanzbaum*, 10 B.R. 420 (Bankr.S.D.Fla. 1981); and *Matter of Kassuba*, 10 B.R. 309 (S.D.Fla.1981).

Trustee argues that a good faith standard should be applied for Debtors to be able to claim an exemption. *Citing, In re Gaudet*, 109 B.R. 548 (Bankr.R.I.1989). Thus, where there is a showing of bad faith, no exemption would be permitted. Trustee admits, however, that there is no express requirement for such a good faith standard.

Trustee argues that Judge Paskay's opinion in *In re Schwarb*, 150 B.R. 470 (Bankr. M.D.Fla.1992) is on point and supports the proposition that the Bankruptcy Court has authority to deny Debtors' exemption. After reviewing the legislative history, Judge Paskay concluded that 11 U.S.C. § 522 does allow a Court to deprive a debtor of his right to claim property as exempt where it is shown that the conversion of a non-exempt asset into an exempt asset was done for the specific purpose of placing the asset out of

the reach of creditors. In particular, Judge Paskay held that:

> After further research and consideration, this Court is satisfied that a showing that the conversion of a non-exempt asset into an exempt asset for the specific purpose of placing the asset out of the reach of creditors is sufficient to deprive a debtor of his right to claim that property as exempt.

*Id.* at 473.

Trustee therefore argues that the Court did have authority to deny Debtors' Annuity exemption had it found fraudulent conduct to be present.

Finally, Trustee argues that the personal injury cause of action existed in Debtors' name and was settled at Debtors' discretion within one month of the bankruptcy filing. Debtor therefore had control of the non-exempt asset (the personal injury claim) and through its mechanization transferred that claim into an exempt asset (Annuity). Trustee claims there was a "transfer" in this case pursuant to 11 U.S.C. § 101(54) [4] and Florida Statute § 726.102(12). [5]

Trustee requests that this Court (1) reverse the decision of the Bankruptcy Court, (2) hold that the Bankruptcy Court does have authority in the event of fraud to sustain Trustee's objection to exemptions and (3) remand for further factual findings pursuant to Bankruptcy Rules 7052 and 9014.

### *Appellee Debtors' Arguments on Appeal*

Debtors argue that the Bankruptcy Court did comply with Bankruptcy Rule 7052 and Fed.R.Civ.P. 52(a) in finding that Debtors received an Annuity as the result of the settlement of an auto insurance claim with State Farm. Debtors claim the reason no finding of fraud was made by the Bankruptcy Court was because no evidence was presented to support such a finding. Debtors state the proceeds from the Annuity were neces-

sary to meet Debtors' monthly living expenses of $2,871.22.

Debtors argue that the Bankruptcy Court did not need to make a factual determination as to fraud since it found that Trustee's objections were improperly asserted. That is, the Court found the proper cause of action would be an objection to discharge [11 U.S.C. § 727] or an action to avoid the transfer [11 U.S.C. § 548].

Debtors argue that the Bankruptcy Court properly found that there is nothing within Section 522 that allows a Court to deny an exemption on the basis that the property was converted from a nonexempt asset to an exempt asset with the intent to hinder, delay or defraud creditors. *Citing, In re Davidson, supra,* and *In re Barker,* 168 B.R. 773 (Bankr.M.D.Fla.1994).

Finally, Debtors argue that there was no transfer of a non-exempt asset to an exempt asset that Trustee could attack as fraudulent. Debtors merely accepted as part of the settlement with State Farm an exempt Annuity and the only time Debtors had possession or control of the asset was in its exempt form.

Debtors request that this Court affirm the Bankruptcy Court's Order Overruling Trustee's Objection to Exemption.

### *Discussion*

### The Bankruptcy Court's Order Overruling Trustee's Objection to Exemption is REVERSED and REMANDED with Instructions to Determine the Applicability of Florida Statutes § 726.105 and § 726.108

■ This Court has conducted a *de novo* review of the Bankruptcy Court's conclusion that Plaintiffs' Objections to Debtors' exemptions should be overruled. In Florida, exemptions to which a debtor is entitled are governed by state law. *See, In re Levine,*

---

**4.** 11 U.S.C. § 101(54) defines "transfer" under the code as:

> "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

**5.** Florida Statute 726.102(12) defines "transfer" as:

> "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance."

139 B.R. 551, 553 (Bankr.M.D.Fla.1992) (in most states, including Florida, the exemptions to which a debtor is entitled are governed by state law, since under § 522(b) of the Bankruptcy Code, a state can choose to "opt out" of the exemptions provided by federal law and choose instead to set their own allowable exemptions).

In overruling Trustee's objection to Debtors' claimed Annuity exemption, the Bankruptcy Court cited to and relied upon its decision in *In re Davidson,* 164 B.R. 782 (Bankr.S.D.Fla.1994). The Bankruptcy Court in that case, as well as the case at bar, focused on the fact that Florida Statute § 222.30 was not in effect at the time the settlement proceeds were placed into the exempt Annuity. Florida Statute § 222.30(2) provides that:

Any conversion by a debtor of an asset that results in the proceeds of the asset becoming exempt by law from the claims of a creditor of the debtor is a fraudulent asset conversion as to the creditor, whether the creditor's claim to the asset arose before or after the conversion of the asset, if the debtor made the conversion with the intent to hinder, delay, or defraud the creditor.

Because Section 222.30 only applies to a transfer or conversion *occurring on or after October 1, 1993,* and the settlement proceeds were placed into the exempt Annuity before this date, the Bankruptcy Court concluded that:

As in *Davidson,* at the time of the establishment of the annuity in this case, there was no Florida law providing for the forfeiture of a debtor's right to an exemption as a consequence for fraudulent conduct.

*See, Bankruptcy Court's Order,* at 2.

As set forth in this Court's opinion in Case Nos. 94–8178–CIV–ARONOVITZ and 94–8291–CIV–ARONOVITZ, this legal conclusion is incorrect in light of the following statutes. Florida Statutes § 726.105 and § 726.108, effective at the time the settlement proceeds were placed into the exempt Annuity, would appear to enable the Trustee to avoid the transfer or establishment of the Annuity in this case. In particular, Florida Statute § 726.105 provides:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

Moreover, Florida Statute § 726.108(1) provides:

In an action for relief against a transfer or obligation under ss. 726.101–726.112, a creditor ... may obtain:

(a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

Due to the apparent applicability of Florida Statutes § 726.105 and § 726.108, the Bankruptcy Court's Order Overruling Trustee's Objection to Exemption is REVERSED AND REMANDED to the Bankruptcy Court to consider the applicability of § 726.105 and § 726.108 to the case at bar. If the Bankruptcy Court finds these statutes applicable, then the Court is instructed to determine and/or hold an evidentiary hearing as to whether the Debtors intended to hinder, delay or defraud any creditor of the Debtors when the Annuity was established.[6]

Finally, the Bankruptcy Court's Order Denying Trustee's Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994, is AFFIRMED since the parties never presented arguments as to this Order.

---

**6.** Trustee relies on Judge Paskay's decision in *In re Schwarb, supra,* and Debtors rely on Judge Funk's decision in *In re Barker, supra.* Both are Bankruptcy Judges in the Middle District of Florida, but disagree on whether 11 U.S.C. § 522 gives the Court authority to deny a debtor's exemption where there is finding of fraud. *In re Barker* holds that Section 522 **does not** give the Court authority and *In re Schwarb* holds that Section 522 **does** give the Court authority. Because the Court finds that this case needs to be remanded to the Bankruptcy Court to consider the applicability of Florida Statutes § 726.105 and § 726.108, this Court does not need to address whether the rationale in *In re Schwarb* or *In re Barker* should be followed in this case.

In summary and for the reasons set forth herein, it is **ORDERED AND ADJUDGED** that:

1. Bankruptcy Court's Order Overruling Trustee's Objection to Exemption, dated February 24, 1994, is hereby **REVERSED AND REMANDED with Instructions to Determine the Applicability of Florida Statutes § 726.105 and § 726.108. If the Bankruptcy Court finds these statutes applicable, then the Court is instructed to determine and/or hold an evidentiary hearing as to whether the Debtors intended to hinder, delay or defraud any creditor of the Debtors when the Annuity was established.**

2. Bankruptcy Court's Order Denying Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994, is hereby **AFFIRMED in its entirety.**